[Civ. No. 4488.   Fourth Dist.   Jan. 29, 1953.]

CALIFORNIA HOME EXTENSION ASSOCIATION (a Corporation), Appellant, v. BERT HILBORN, Respondent.

Joseph Seymour, Robert E. Austin and John N. Helmick for Appellant.

Jerome L. Richardson and G. E. Jones for Respondent.

BARNARD, P. J.—In this action the defendant, by answer and cross-complaint, alleged that he was employed upon an agreement that he was to receive 50 per cent of the net profits of all land sold as a result of sales promotions conducted by him, and sought an accounting. He recovered judgment which was reversed on appeal. (*California Home Extension Assn.* v. *Hilborn,* 37 Cal.2d 459 [235 P.2d 369]) and the action has not yet been retried.

Shortly after the action was filed an attachment was issued and levied upon real properties belonging to the plaintiff. From time to time the plaintiff deposited various sums with the clerk of the court for the purpose of releasing certain parcels from the attachment, which sums totaled $12,677.39. Each deposit was made on a signed stipulation providing that the money deposited should be held by the clerk until the final determination of the action, whereupon it should be returned to the plaintiff or paid to the defendant, as ordered by the court.

On September 14, 1949, by court order the defendant was permitted to withdraw the cash bond he had deposited in securing the attachment. On April 9, 1951, the plaintiff filed notice of a motion for release of the $12,677.39 thus deposited in court upon the grounds that the lien of the attachment had expired, that it had been released by the filing of an undertaking on appeal, and that it had been released by the defendant's withdrawal of his original bond. On November 23, 1951, the defendant obtained an order to show cause why a receiver should not be appointed to take charge of all assets of the joint venture existing between the plaintiff and the defendant. The plaintiff's motion and the defendant's application for a receiver were heard together and an order was entered on April 4, 1952, denying the motion for release of the funds, granting the motion for the appointment of a receiver, and appointing such a receiver. The plaintiff has appealed from that order.

█ It is first contended that the court erred in denying appellant's motion to release the money it had deposited with the clerk in securing releases of the attachment. It is argued that any lien of the attachment had expired by limitation of time under the provisions of sections 542a and 542b of the Code of Civil Procedure; that the attachment was released by the filing of an undertaking staying execution pending the former appeal; and that all effects of the attachment were terminated when the respondent withdrew the money used as an attachment bond. These contentions are not controlling. These funds were deposited without any condition relating to whether or not the attachment should remain in force, and upon a clear stipulation that they should remain impounded until a final determination of the action, and should then be returned to the appellant or paid to the defendant in accordance with the order of the court. The appellant is bound by this stipulation, and no error appears in this portion of the order appealed from.

█ It is next contended that the court erred in granting the motion for the appointment of a receiver since this action does not come within the provisions of that portion of subdivision 1 of section 564 of the Code of Civil Procedure which provides that receivers may be appointed in an action:

". . . between partners or others jointly owning or interested in any property or fund, on the application . . . of any party whose right to or interest in the property or funds . . . is probable, and where it is shown that the property or

fund is in danger of being lost, removed, or materially injured.''

It is argued that respondent's cross-complaint alleged his employment by the appellant, with an agreement to pay him 50 per cent of the net profits from sales of lands when final payment was made by the purchasers, but failed to allege a joint venture; that it does not disclose any interest in any funds or property; that a receiver could not be appointed since the complaint failed to state a cause of action in that it failed to allege that final payment had been made by the purchasers of lands; that there was no showing that the property or funds in the hands of the appellant are in danger of being lost; that respondent's affidavits in support of his application are insufficient in that they were made on information and belief, and in that they set forth ultimate facts and conclusions rather than probative facts; and that the order appointing the receiver is void because no ''joint venture'' is alleged in the pleadings or affidavits.

While the pleadings are somewhat vague in some respects they sufficiently allege that the respondent was associated with the appellant in a real estate subdivision and selling project; that his compensation was to be 50 per cent of the profits from the sales made as a result of sales promotions which he conducted; and that an accounting was necessary in order to determine the amount due him. While the words ''joint venture'' were not used in the pleadings, or in the affidavits used on this motion, the case was tried mainly on the issue as to whether or not a joint venture existed, and the court found that it did. The pleadings were deemed sufficient by the Supreme Court on the prior appeal, and the judgment was reversed because the trial court had erroneously refused to receive certain evidence on that issue. On the present appeal it cannot be held, as a matter of law, that no joint venture existed, that the pleadings were insufficient to raise such an issue, or that no cause of action was stated.

On the prior appeal the Supreme Court held that the major issue was whether or not the parties to this action were associated in a joint venture; that the evidence on this point was highly conflicting; and that the evidence was not such as to compel a finding on that issue in favor of this appellant. ■ A joint venture is similar to a partnership with respect to the right to an accounting of profits, in accordance with the agreement of the parties. (*Butler* v. *Union Trust Co.*, 178 Cal. 195 [172 P. 601].) ■ If this was a joint venture,

the respondent is entitled to a share in the profits made which would give him an interest in the property or funds which represent that profit. ■ Whether or not a joint venture here existed is the main question of fact involved in a retrial of the action, but before a new trial was had this motion was made before a different judge. He knew that this issue had once been decided in favor of the respondent on sufficient but conflicting evidence. While he knew that further evidence on this issue was to be expected on a new trial, he did not know exactly what that evidence would be, and he was not in a position to finally pass on its weight. He may have considered, as things then stood, that it appeared "probable" that the respondent had an interest in these properties or funds within the meaning of section 564. This was also a question of fact and it cannot be held, as a matter of law, that no such probability appeared as would justify the court's conclusion under the circumstances existing at the time the order was made. The matter was one within the discretion of the trial court and, while we would have held the other way had we been passing on the question as one of fact, we cannot hold that an abuse of discretion appears. (*Whitley* v. *Bradley,* 13 Cal.App. 720 [110 P. 596]; *Breedlove* v. *J. W. & E. W. Breedlove Excavating Co.,* 56 Cal.App.2d 141 [132 P.2d 239].)

■ The order appealed from recites that it was made after evidence had been introduced by the respective parties, but this appeal is submitted upon a clerk's transcript without any record as to what evidence was presented at the hearing. Without passing upon the sufficiency of the affidavits in themselves, it cannot be held, on the record before us, that there was an insufficient showing with respect to the danger of loss, removal or injury in connection with the properties or funds involved in this litigation.

The order appealed from is affirmed.

Griffin, J., and Mussell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 26, 1953.