[Civ. No. 9463. Third Dist. Dec. 5, 1958.]

EUGENE GINTEL et al., Respondents, v. BEN Z. GREEN, Defendant; HEMUS JEWELERS, INC. (a Corporation), Claimant and Appellant.

724

T. N. Petersen for Claimant and Appellant.

Thomas J. Kane, Jr., and Treadwell & Kane for Respondents.

WARNE, J. pro tem.*—This is an appeal by third party claimant from an order in favor of plaintiffs and against appellant in a proceeding under section 689 of the Code of Civil Procedure, to determine title to certain attached personal property.

On December 12, 1957, plaintiffs brought an action against defendant Ben Z. Green to recover the sum of $1,121.48 alleged to be the reasonable value of certain merchandise and goods sold to Ben Z. Green, and also for the sum of $350 attorney fees which plaintiffs alleged Ben Z. Green agreed to pay plaintiffs in the event defendant failed to pay for the merchandise within 30 days from the delivery date. Thereafter a writ of attachment directed against the property of defendant was issued. Immediately after the levy of attachment Hemus Jewelers, Inc., third party claimant and the appellant herein, served on the sheriff of Merced County a claim of ownership to the attached property pursuant to the terms of section 689 of the Code of Civil Procedure, and also filed a petition in said action to determine title to the attached property. Hemus Jewelers, Inc., claimed title to the property in question by virtue of an assignment from Ben Z. Green.

In its order the trial court, in effect, found that Ben Z. Green had failed to give notice of the intended assignment as required by the provisions of section 3440.1 of the Civil Code, and that the assignment was therefore ineffective and void as to plaintiffs, the attaching creditors.

The record discloses the following: On March 7, 1957, Harold Hemus and Edwin M. Soderstrom sold their business, known as Harold Hemus Jewelers, and stock in trade to Ben Z. Green. Thereafter the business was incorporated under the name of Hemus Jewelers, Inc., with Ben Z. Green as president. By an assignment dated March 18, 1957, Ben Z. Green assigned to Hemus Jewelers, Inc., all right, title and interest in and to stock in trade, equipment and fixtures of

---

*Assigned by Chairman of Judicial Council.

Harold Hemus Jewelers. After the date of assignment to Hemus Jewelers, Inc., all merchandise purchased for the business was purchased by and in the name of Hemus Jewelers, Inc.

Respondents argue that the March 7 transaction, above mentioned, was not a present sale but rather was a notice of intended transfer and sale from Harold Hemus and Edwin M. Soderstrom to Ben Z. Green, which, by its terms, stated that said sale and transfer was to take place on or about March 23, 1957; and as a consequence the assignment made by Ben Z. Green to Hemus Jewelers, Inc., on March 18, 1957, was ineffective because he (Green) was not the owner of the property on the date of the assignment. We do not agree with respondents' contention in this regard. The assignment of March 7 is to be treated as an equitable assignment under California law; that is, as a present contract to become operative as soon as the future right to which the assignment refers has ripened into existence, and without requiring any further act by the assignor. By such an assignment there is created a present equitable charge on the property which equity recognizes as vested, although it is neither vested nor valid at law; and which, when the right becomes existent, ripens into a preferred and enforceable right. (See 5 Cal.Jur.2d, Assignments, § 27, and cited authority in footnotes 19 and 20.) Accordingly it appears from the record that appellant established title to the attached property.

Respondents also contend that even if Ben Z. Green executed an effective assignment on March 18, failure by him to give notice as required by Civil Code, section 3440.1, defeats the third party claim. That section provides that an assignment of stock in trade which does not fulfill the notice requirements set forth therein is conclusively presumed fraudulent and void as against existing creditors of the assignor. While appellant does not deny that the statutory notice requirement was not complied with in regard to the assignment to it (Hemus Jewelers, Inc.), it nevertheless asserts that section 3440.1 does not aid respondents inasmuch as respondents had not shown they were existing creditors at the time of the assignment. Respondents, on the other hand, argue that appellant has the burden of proving that respondents were not existing creditors at the time of the assignment, and since appellant did not establish that fact at the hearing he has failed to sustain said burden. We feel that respondents' contention is without merit. It is the law that in a proceeding under section

689 of the Code of Civil Procedure, the third party claimant is in the position of a plaintiff charged with the burden of proof to establish title in the attached goods. (*Grant* v. *Segawa,* 44 Cal.App.2d Supp. 945 [112 P.2d 784]; *Kyne* v. *Kyne,* 16 Cal.2d 436 [106 P.2d 620].) However we do not feel that it was necessary for appellant to prove that plaintiffs were not existing creditors at the time of the assignment. That matter was an affirmative defense. A party who holds the affirmative of an issue must produce evidence to prove it, and he is defeated if no evidence is given on the issue by either side. (Code Civ. Proc., § 1981.) There is no proof whatsoever in the instant case that respondents were existing creditors at the time of the assignment. This was one of the essential elements necessary to justify the attachment and a failure of such proof was fatal thereto.

We conclude that the order must be reversed, and it is so ordered.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied December 31, 1958, and respondents' petition for a hearing by the Supreme Court was denied January 28, 1959.