[Civ. No. 1148. Fifth Dist. Apr. 28, 1969.]

LAUREL CREST, INC., et al., Plaintiffs and Appellants, v. WAYNE VAUGHN et al., Defendants and Respondents.

Edward L. Lascher, Alfred Paonessa, Calvin H. Conron and Conron, Heard & James for Plaintiffs and Appellants.

364

Sims & Solomon and Gabriel W. Solomon for Defendants and Respondents.

CONLEY, P. Respondents moved to dismiss the appeal taken by Laurel Crest, Inc. in the above-entitled case on the ground of legal incapacity, because the corporate powers of said organization were suspended on the 1st day of December, 1967, pursuant to the provisions of the California Banking Corporation Tax Law now set forth in section 23302 of the Revenue and Taxation Code. The Franchise Tax Board, on that date, transmitted to the office of the Secretary of State a list of all domestic corporations whose corporate powers, rights and privileges had been suspended under the law; one of the corporations was the appellant Laurel Crest, Inc.; the "corporate powers, rights and privileges of said corporation were suspended on the aforesaid date as in said section 23302 provided," and reinstatement was not afterwards effected. There is attached to the notice of motion to dismiss the appeal an official certificate of such suspension by the Secretary of State. Under the law, the court should order the dismissal of the appeal of Laurel Crest, Inc. (Rev. & Tax. Code, § 23301; *Boyle* v. *Lakeview Creamery Co.,* 9 Cal.2d 16 [68 P.2d 968]; *Ocean Park etc. Co.* v. *Pacific Auto Park Co.,* 37 Cal.App.2d 158 [98 P.2d 1068]; *Ransome-Crummey Co.* v. *Superior Court,* 188 Cal. 393 [205 P. 446]; *Reed* v. *Norman,* 48 Cal.2d 338, 343 [309 P.2d 809]; *Baker* v. *Ferrel,* 78 Cal. App.2d 578, 579 [177 P.2d 973]; *Alhambra-Shumway Mines, Inc.* v. *Alhambra Gold Mine Corp.,* 155 Cal.App.2d 46, 49 [317 P.2d 649]; *Schwartz* v. *Magyar House, Inc.,* 168 Cal. App.2d 182, 188 [335 P.2d 487]; *Brown* v. *Superior Court,* 242 Cal.App.2d 519, 522 [51 Cal.Rptr. 633]; *Old Fashion Farms* v. *Hamrick,* 253 Cal.App.2d 233, 235 [61 Cal.Rptr. 254]; 2 Witkin, Cal. Procedure (1954) Pleading, § 33, p. 1009.)

The respondents also ask that the appeals of Can Am Hangar Corp. and Wiley Land Company should be dismissed on the ground that the appeal of each of them will "be rendered moot and meaningless by dismissal of the appeal of co-appellant, Laurel Crest, Inc. in that Can Am Hangar Corp. is, and was at all times relevant hereto, a joint-venturer with Laurel Crest, Inc., and the judgment appealed from arose exclusively out of the activities of Laurel Crest, Inc. and Can Am Hangar Corp. in pursuance of their joint venture, under the fictitious name of Wiley Land Company."

It is not claimed that Can Am Hangar Corp. has not paid its corporate taxes or that it, like Laurel Crest, Inc., has suffered a suspension of its rights. It is true that the complaint in the case below recited: "That at all times herein mentioned, LAUREL CREST, INC. and CAN AM HANGAR CORP., INC. were, and are, California corporations, duly organized under the general corporations [sic], having their principal place of business in Los Angeles County. That at all times herein alleged, LAUREL CREST, INC., a corporation, and CAN AM HANGAR CORP., a corporation, were, and now are, joint venturers doing business under the fictitious firm name of WILEY LAND CO., a joint venture, and having filed a certificate and published the notice required by Sections 2466 and 2468 of the California Civil Code."

But it is also true, as recited in the document filed in this court entitled Opposition to Motion(s) to Dismiss that: "The policy of the law is to recognize a right to review the judgment of a lower court if not prohibited by law. The 'right of appeal is remedial, and in doubtful cases the doubt should be resolved in favor of the right whenever the substantial interests of a party are affected by a judgment.' " (*Koehn* v. *State Board of Equalization*, 50 Cal.2d 432, 435 [326 P.2d 502].)

It is not our intention or the policy of the law to permit Laurel Crest, Inc. to gain indirectly any advantage of an appeal herein after having failed to comply with its required duty to pay corporate taxes, and it may well be at a later stage of the appeal by the remaining corporation, Can Am Hangar Corp., directly or in its participation under the name of Wiley Land Co., that this court, upon proper application and a complete showing, may conclude that, because of the relationship of Can Am Hangar Corp. and Laurel Crest, Inc., these two remaining appellants may be prevented legally from prosecuting this appeal. However, the showing made to date in the petition for dismissal is not sufficiently comprehensive to permit this court to conclude that a dismissal should be ordered with respect to the appeals of Can Am Hangar Corp. and Wiley Land Co., insofar as the rights of Can Am Hangar Corp. are concerned. We are, therefore, impelled to deny the motion for dismissal as it applies to said Can Am Hangar Corp. and Wiley Land Co., but we make this ruling without prejudice.

The motion to dismiss the appeal of Laurel Crest, Inc. is granted, and said appeal is dismissed; the motion to dismiss the appeal of Can Am Hangar Corp. and Wiley Land Co. is denied without prejudice.

Stone, J., concurred.

Gargano, J., deeming himself disqualified, did not participate.

A petition for a rehearing was denied May 27, 1969, and appellants' petition for a hearing by the Supreme Court was denied June 25, 1969.