[Civ. No. 39209. Second Dist., Div. One. Oct. 12, 1971.]

MODERN MANAGEMENT METHOD et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
S.P.K. CORPORATION, Real Party in Interest.

COUNSEL

John J. Wandel for Petitioners.

No appearance for Respondent.

No appearance for Real Party in Interest.

## OPINION

**THOMPSON, J.**—Petitioners have filed a petition for an alternative and peremptory writs of prohibition prohibiting the superior court from executing an order dissolving attachment entered October 7, 1971, and stayed until October 12, 1971. The superior court entered its order dissolving attachment on the authority of *Randone* v. *Appellate Department,* 5 Cal.3d 536 [96 Cal.Rptr. 709, 488 P.2d 13]. Petitioners contend that; (1) *Randone* is not to be applied retroactively to permit the dissolution of writs of attachment levied prior to the date of that decision; and (2) in any event the facts of the case at bench bring it within a situation in which *Randone* declares attachment to be constitutionally permissible.

We conclude that petitioners' contentions are without merit. Attachment is purely a creature of statute. (2 Witkin, Cal. Procedure (2d ed. 1970)

Provisional Remedies, § 120 and cases there cited.) In *Randone* v. *Appellate Department, supra,* our Supreme Court held that Code of Civil Procedure section 537, subdivision 1, the California statute authorizing prejudgment attachment is unconstitutional. (5 Cal.3d 536, 541.) It states (5 Cal. 3d 536, 564) "California's attachment statute violates . . . procedural due process . . . by sanctioning in substantially all contract actions attachment of a debtor's property, without notice and hearing. Nor is the overbroad statute narrowly drawn to confine attachments to extraordinary circumstances which require special protection to a state or creditor interest."

■ Petitioners' argument that the rule of *Randone* should not be applied to authorize a court to grant a motion to dissolve a writ of attachment levied prior to the date of that decision ignores the nature of the motion to dissolve. That motion does not necessarily test the validity of the writ of attachment when levied. Rather it determines whether the writ should be continued. Since in the case at bench no constitutional statute authorized attachment at the time the trial court heard the motion to dissolve, its action in granting the motion was the proper one.

■ Petitioners' argument that the special facts of this case distinguish it from those situations in which California's attachment statute is held to be a denial of due process is not persuasive. Our Supreme Court states in *Randone, supra,* 5 Cal.3d 536, 563, "We recognize, of course, that not all attachments under the present subdivision involve deprivation of such magnitude [as those involved in *Sniadach* v. *Family Finance Corp.,* 395 U.S. 337 (23 L.Ed.2d 349, 89 S.Ct. 1820)]. We do not doubt that a constitutionally valid prejudgment attachment statute, which exempts 'necessities' from its operation, can be drafted by the Legislature to permit attachment generally after notice and a hearing on the probable validity of a creditor's claim." That language of our Supreme Court does not say that California's existing prejudgment attachment statute is valid in part nor does it purport to limit other language of the court in *Randone* declaring the statute to be unconstitutional. Since the validity of an attachment depends upon its conformity to a valid statute, the attachment here must be dissolved in the absence of such a statute despite the fact that it might conceivably be authorized by an as yet unadopted law.

The petition for alternative and peremptory writs of prohibition is denied.

Wood, P. J., and Clark, J., concurred.