[Civ. No. 39416. Second Dist., Div. Two. Feb. 15, 1972.]

GENTLEMEN'S RESALE WEST, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
EDSON STROLL, Real Party in Interest.

## COUNSEL

Wolf, Cummins & Dubin and Lawrence S. Grosberg for Petitioner.

No appearance for Respondent.

Lawrence H. Deutsch for Real Party in Interest.

## OPINION

**ROTH, P. J.**—On June 22, 1971, Edson Stroll (Stroll), the real party in interest in this proceeding for mandate, sued Gentlemen's Resale West (petitioner) and concurrently attached petitioner's place of business, installing a keeper. The attachment was released by the sheriff on June 28 pursuant to Code of Civil Procedure section 540 when petitioner deposited a cash bond with the sheriff. On September 23 pursuant to motion theretofore made on the ground that the attachment was unconstitutional under the holding of *Randone* v. *Appellate Department*, 5 Cal.3d 536 [96 Cal.Rptr. 709, 488 P.2d 13], the trial court dissolved the attachment but refused to order the sheriff to release the cash bond and return it to petitioner.

On October 14 the trial court denied petitioner's motion for an order specifically requiring the sheriff to release the cash bond. The motion was made on the grounds that (a) the bond was deposited solely to effect a release of the attachment and the court having dissolved the attachment under *Randone,* its failure to order return of the bond was unreasonable and arbitrary; and, (b) that the deposit of a cash bond by petitioner, being made solely to release the attachment, was not a free and voluntary act.

Neither of the minute orders of September 23 or October 4 state any reasons for the refusal of the court to order the return of the cash bond to petitioner.

The argument made in Stroll's brief appears to assume that the payment was not voluntary but proceeds on the theory that petitioner made no showing to convince the trial court that it had a clear, present ministerial duty to order the return of the bond. Respondent's argument is (a) that the court did not abuse its discretion by refusing to make the order and on the ancillary ground (b) that the sheriff should have been made a party to the motions. No sustaining authority is cited for this latter proposition.

■ It is settled law that *generally* attachments levied under Code of Civil Procedure section 537 violate due process and are unconstitutional. (*Randone* v. *Appellate Department,* 5 Cal.3d 536 [96 Cal.Rptr. 709, 488 P.2d 13]; *Blair* v. *Pitchess,* 5 Cal.3d 258 [96 Cal.Rptr. 42, 486 P.2d 1242]; *Cline* v. *Credit Bureau of Santa Clara Valley,* 1 Cal.3d 908 [83 Cal.Rptr. 669, 464 P.2d 125]; *McCallop* v. *Carberry,* 1 Cal.3d 903 [83 Cal.Rptr. 666, 464 P.2d 122]; *Sniadach* v. *Family Finance Corp.,* 395 U.S. 337 [23 L.Ed.2d 349, 89 S.Ct. 1820].)

It is admitted that the attachment levy at bench was unconstitutional. The court did order dissolution and the soundness of its ruling is not contested.

■ No authorities are cited to indicate that the deposit of the bond at bench was a free and voluntary act and respondent in its brief assumes it was not. The record, in addition, shows that no such bond would have been posted if there had been no attachment. Petitioner cites *Schneider* v. *Zoeller,* 175 Cal.App.2d 354 [346 P.2d 515] (hg. den.). This case, although not on all fours with the facts at bench, discusses the nature of a similar deposit to release an attachment and clearly holds (p. 362) that such a deposit is not voluntary.

Assuming arguendo, on facts such as are present at bench, that a trial court has discretion to order the performance of a ministerial act which would ordinarily be the natural and inevitable consequence of an order made by it, we hold that the court did abuse its discretion in refusing to order the sheriff to release petitioner's bond. (*Daum* v. *Superior Court,* 228 Cal.App.2d 283, 286 [39 Cal.Rptr. 443]; *Simmons* v. *Superior Court,* 96 Cal.App.2d 119, 132 [214 P.2d 844, 19 A.L.R.2d 288]; *Berry* v. *Chaplin,* 74 Cal.App.2d 669, 672 [169 P.2d 453].)

The petition is granted and the order of October 14, 1971, denying

petitioner's motion in superior court case No. NWC 24055 is annulled. The trial court is hereby directed to enter an order directing the Sheriff of Los Angeles County to release the cash bond heretofore deposited and deliver the same to petitioner.

Herndon, J., and Compton, J., concurred.