[Civ. Nos. 39802, 41013. Second Dist., Div. Four. Jan. 30, 1973.]

ATAKA AMERICA, INC., Plaintiff and Respondent, v.
CRATEO, INC., et al., Defendants and Respondents;
TIME SAVINGS HOLDING CO., INC.,
Third Party Claimant and Appellant.

**COUNSEL**

Murray Luftig for Third Party Claimant and Appellant.

Baker, Ancel & Redmond, Irvin E. Sandler and Gerald T. Manpearl for Plaintiff and Respondent.

No appearance for Defendants and Respondents.

## OPINION

**KINGSLEY, J.**—Plaintiff sued Crateo, Inc., on a guaranty given by that defendant allegedly to secure an obligation to plaintiff for goods sold to the codefendant, Nieuw Plywood Co., Inc. An attachment issued, which ultimately resulted in attaching stock owned by Crateo in a corporation known as Time Savings and Loan Association, which stock was pledged with a bank by Crateo as security for a loan. Time Savings Holding Company, Inc., filed a third party claim, pursuant to section 689 of the Code of Civil Procedure, claiming to be a purchaser for value of Crateo's equity in the attached stock. Since plaintiff did not file a bond in response to the third party claim, the sheriff, pursuant to the statutory provisions, released the stock from the attachment. Thereafter, after several continuances, the third party claim came on for hearing,[1] resulting in a judgment against the third party claimant.[2] The appeal in our case No. 39802 is from that judgment.

Thereafter, on a claim that the stock was about to be so transferred as to make it unavailable for execution, an order was issued forbidding transfer by the third party claimant of the attached stock pending the determination of the appeal in No. 39802, unless a bond was filed by the claimant. Our case No. 41013 is an appeal from that order.

### I

The attachment was sought and issued, on March 12, 1970, under subdivision 1 of section 537 of the Code of Civil Procedure, as that section then read. The judgment in the third party proceeding was entered on May 18, 1971. On August 26, 1971, the Supreme Court of California filed its opinion in *Randone* v. *Appellate Department* (1971) 5 Cal.3d 536 [96 Cal.Rptr. 709, 488 P.2d 13], holding that that subdivision was unconstitutional.

So far as we can discover, the effect of *Randone* on attachments issued before its filing, has been considered in only two reported cases.[3] In *Modern*

---

[1]By the express terms of section 689, the release of the attachment, under the circumstances of this case, did not oust the trial court of authority to proceed with the trial of the third party claim.

[2]The judgment was on the merits, the trial court, in a lengthy and carefully drawn decision, having found that the claimant was not a bona fide purchaser since the transfer to it was, as the court found, a fraud on the creditors of Crateo. We discuss below the issues involved in that portion of the judgment.

[3]In *EAC Credit Corp.* v. *Bass* (1971) 21 Cal.App.3d 645, 655 [98 Cal.Rptr. 681], Division Two of the First Appellate District refused to give retroactive effect to the

*Management Method* v. *Superior Court* (1971) 20 Cal.App.3d 496 [97 Cal.Rptr. 791], division one of this court held that *Randone* authorized an order dissolving an attachment issued and levied prior to the date of that decision. The rationale of that holding was as follows (p. 498): "Petitioners' argument that the rule of *Randone* should not be applied to authorize a court to grant a motion to dissolve a writ of attachment levied prior to the date of that decision ignores the nature of the motion to dissolve. That motion does not necessarily test the validity of the writ of attachment when levied. Rather it determines whether the writ should be continued. Since in the case at bench no constitutional statute authorized attachment at the time the trial court heard the motion to dissolve, its action in granting the motion was a proper one."

In *Gentlemen's Resale West* v. *Superior Court* (1972) 23 Cal.App.3d 518 [100 Cal.Rptr. 370], division two of this court, on the authority of *Randone,* ordered the trial court to release a cash bond filed in order to secure the release of an attachment which, as in *Modern Management,* had been levied prior to the date of *Randone.* While it is obvious that neither of those cases is exactly in point in the case at bench, we think that they indicate the result we should reach here.

 One effect of the judgment denying the third party claim was to restore to plaintiff the right of attachment of the property involved.[4] It is that right which plaintiff seeks to enforce. But plaintiff does not now have any right of attachment. To permit it to enforce the portion of the judgment quoted in footnote number 4, would violate the law as it now stands. The language above quoted from *Modern Management* is applicable here; we cannot "permit the writ to continue."

## II

 But we cannot see, either in *Randone* or in the cases on which that decision relies, anything to affect the validity of the third party claim litigation. That proceeding was held on full notice to the only parties therein concerned—namely plaintiff and the third party claimant; it was fully litigated; it resulted in a thoughtful and elaborate factual and legal determination. Every requirement of due process was observed. Although the attachment triggered the third party claim, the validity of that attach-

---

decision in *Blair* v. *Pitchess* (1971) 5 Cal.3d 258 [96 Cal.Rptr. 42, 486 P.2d 1242], which had held the claim and delivery statute unconstitutional on the same theory as was later relied on in *Randone.*

[4]"It is Ordered that the levying officer shall levy on the property by way of garnishment under the Writ of Attachment, if the Writ is still in his possession, or under such new Writ as may be issued."

ment is of no legal concern to the claimant—if the third party claimant is the owner of the attached property, it has its title confirmed (as against the plaintiff) free of any attachment lien, valid or invalid; if the claimant is found not to be the owner, it has no interest in what then becomes purely a dispute between plaintiff and defendant in the primary action. It follows that, unless the portion of the judgment adverse to the third party claimant is subject to reversal on the merits, the present appellant has shown no ground for a reversal.

## III

The third party claimant urges two grounds for reversal on the merits of the judgment against it.

(1) It is argued that the complaint in Ataka v. Crateo is subject to demurrer on sundry grounds. But the defects pointed out, although they might have sustained a special demurrer by Crateo (a matter we do not here decide) are of no concern to the third party claimant; as the record indicates, Crateo did not demur but answered the complaint; apparently it decided that it was sufficiently aware of plaintiff's contentions to permit a trial of the primary action on the merits even though the formal pleadings would win no prizes for draftsmanship. ■ Just as defects in pleading are not grounds for vacating an attachment (2 Witkin, Cal. Procedure (2d ed. 1970) Provisional Remedies, § 201, pp. 1601-1602, and authorities there cited), so such defects do not affect the validity of third party claim procedures.

(2) Citing *Gintel* v. *Green* (1958) 165 Cal.App.2d 723 [332 P.2d 298], the third party claimant contends that it was the duty of plaintiff, *in the third party proceeding,* to establish its rights against Crateo. We do not so read the opinion in that case; nor do we think it can be treated as controlling here in the light of section 3439.01 of the Civil Code, which defines a "creditor" as "a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent." ■ We do not regard a third party claim proceeding as an appropriate vehicle for a full-dress trial of the merits of the primary action; it is enough if such an action is, in fact, pending.[5]

The issue of the validity of the transfer of the savings and loan stock to the third party claimant was litigated at great length; the record is discussed in detail in the trial court's memorandum of opinion which is

---

[5]We note that, on the record before us, if plaintiff is a creditor of Crateo, it became such long before the transfer to the third party claimant herein involved.

before us; we cannot say that that court erred in finding that the transfer was invalid in that it left Crateo without assets sufficient to satisfy its creditors. (Civ. Code, § 3439 et seq.)

## IV

■ While *Randone* prevents plaintiff from renewing its attachment efforts, we see no constitutional objection to the remedy sought and secured by the injunctive order which is the subject of the appeal in our No. 41013. That order was issued in support of a judgment which we herein affirm; it was issued in a proceeding of which the party enjoined had notice and in which it had participated; the injunctive order itself was issued only after notice to the enjoined party. We regard it as a valid method to replace, at least in part, the defunct attachment.

■ In Civ. No. 39802, the judgment is modified by deleting the portion thereof quoted in footnote number 4 of this opinion; as so modified it is affirmed. In Civ. No. 41013, the order appealed from is affirmed.

Jefferson, Acting P. J., and Dunn, J., concurred.

A petition for a rehearing was denied February 15, 1973.