[Civ. No. 41049. Second Dist., Div. Two. Oct. 23, 1973.]

URICH OIL COMPANY, Plaintiff and Appellant, v.
CROWN DISCOUNT DEPARTMENT STORES,
Defendant and Respondent.

744

## COUNSEL

Thompson & Miller and Wayne E. Thompson for Plaintiff and Appellant.

Buchalter, Nemer, Fields & Savitch, Murray M. Fields and Arthur G. Spence for Defendant and Respondent.

## OPINION

**ROTH, P. J.**—On April 26, 1968, Urich Oil Company (appellant) sued Crown Discount Department Stores (respondent) for breach of contract and currently attached the bank account. The attachment was released upon the filing of a bond by Seaboard Surety Company (surety) which provided that surety would pay to appellant the amount of any judgment appellant recovered up to $33,500.

The attachment procedure of which appellant availed itself was on August 26, 1971 held unconstitutional. (*Randone* v. *Appellate Department* (1971) 5 Cal.3d 536 [96 Cal.Rptr. 709, 488 P.2d 13].)

At a mandatory settlement conference held on November 24, 1971, the parties compromised appellant's claim by a stipulation to enter judgment in favor of appellant for $22,000. On February 23, 1972, respondent was served with appellant's notice of motion and motion for judgment. The next day respondent served appellant with a notice of motion and order to discharge and release levy of attachment and exonerate undertaking.

On March 6, 1972, the court entered judgment in favor of appellant in the sum of $22,000 plus interest and attorney's fees. At the same time respondent's motion was submitted, and on March 13, 1972, the court granted the motion to dissolve the attachment and exonerate the bond.

Appellant appeals from the order dissolving the attachment and exonerating the bond.

Preliminarily procedural issues are raised which we dispose of before reaching the primary and decisive question of the propriety of the court's order dissolving the attachment and exonerating the bond.

Appellant initially asserts that respondent cannot defend this appeal since its corporate powers were suspended for a failure to pay taxes. (*Laurel Crest, Inc.* v. *Vaughn* (1969) 272 Cal.App.2d 363 [77 Cal.Rptr. 538].) Respondent, however, has filed a certificate of revivor showing that its delinquent taxes have been paid and that it has been reinstated. Respondent may proceed with the appeal. (*Peacock Hill Assn.* v. *Peacock Lagoon Constr. Co.* (1972) 8 Cal.3d 369 [105 Cal.Rptr. 29, 503 P.2d 285].)

■ Respondent argues the appeal should be dismissed contending that the court's order of dissolution and exoneration in respect of the attachment and the bond is not listed as an appealable order under section 904.1 of the Code of Civil Procedure. The order exonerating the bond is the natural and inevitable consequence of the order releasing the attachment and the order dissolving the attachment is appealable. (Code Civ. Proc., § 904.1, subd. (e).) Further, since respondent elected to have the bond exonerated concurrently with its motion to dissolve the attachment, it is now estopped to deny that the order was what it was stated to be, namely, an order dissolving an attachment. (See *In re Griffin* (1967) 67 Cal.2d 343 [62 Cal.Rptr. 1, 431 P.2d 625].) We may properly consider, therefore, the correctness of the court's action in dissolving the attachment and implicitly whether the court abused its discretion in ordering the bond exonerated. (See, e.g., *Gentlemen's Resale West* v. *Superior Court* (1972) 23 Cal.App. 3d 518 [100 Cal.Rptr. 370].)

■ Respondent argues further that Code of Civil Procedure section 542 provides that an attachment ceases to be of any force or effect once a period of three years has elapsed, and thus even if this court were to reverse the order dissolving the attachment, the order dissolving the attachment could not be reinstated and therefore the appeal should be dismissed. This argument, although it obviously could have been made to the trial court, was not presented. This point cannot be raised for the first time on appeal. (See, e.g., *Bogacki* v. *Board of Supervisors* (1971) 5 Cal.3d 771, 780 [97 Cal.Rptr. 657, 489 P.2d 537] (cert. den. 405 U.S. 1030 [31 L.Ed. 2d 488, 92 S.Ct. 1301]).) However, the time limit of section 542 is inapplicable since it applies only to attachments and the undertaking at bench contained no time limitation other than a promise to pay appellant the amount of the judgment up to $33,500 if it were to prevail. (*California Home etc. Assn.* v. *Hilborn* (1953) 115 Cal.App.2d 634 [252 P.2d 368].)

■ The ultimate issue at bench is whether *Randone* v. *Appellate Department* (1971) *supra,* 5 Cal.3d 536, compels exoneration of the undertaking. It is settled that the taking of property without a prior judicial hearing violates due process. (*Sniadach* v. *Family Finance Corp.* (1969)

395 U.S. 337 [23 L.Ed.2d 349, 89 S.Ct. 1820]; *Randone* v. *Appellate Department, supra; Blair* v. *Pitchess* (1971) 5 Cal.3d 258 [96 Cal.Rptr. 42, 486 P.2d 1242, 45 A.L.R.3d 1206]; cf. *Rios* v. *Cozens* (1972) 7 Cal.3d 792 [103 Cal.Rptr. 299, 499 P.2d 979].) Under *Randone,* the original attachment (Code Civ. Proc., § 537.1) as applied to the facts at bench is unconstitutional. Had respondent made its motions prior to judgment the order to dissolve the attachment and exonerate the bond would be proper and valid. (*Modern Management Method* v. *Superior Court* (1971) 20 Cal.App.3d 496 [97 Cal.Rptr. 791]; *Gentlemen's Resale West* v. *Superior Court* (1972) *supra,* 23 Cal.App.3d 518.) Respondent argues that an undertaking posted should not increase the rights of appellant and the intervening judgment should not compel a different conclusion. On the facts at bench the converse is, should the undertaking decrease the rights of appellant? In *Gentlemen's Resale West* v. *Superior Court, supra,* the sheriff held a cash bond posted by the defendant to release an attachment, and we ordered the return of the cash bond to the defendant. There had been no hearing prior to the attachment.

On the undisputed record before us it appears that the parties compromised the claim and agreed to a stipulated judgment. No question was raised by respondent in respect of the attachment by respondent although *Randone* had been decided and although *Randone* was four months old. Appellant had a right to assume in agreeing to the compromise that the judgment entered therein pursuant to stipulation was collectible and respondent calls our attention to nothing in the record which disputes such assumption. Surety is not a party to this action and we make no determination as to its status. The record shows implicitly, however, that respondent by its conduct led appellant to believe it had compromised for a judgment that appeared to be in all respects collectible.

The order dissolving the attachment and exonerating the bond is reversed, and the case is remanded to the superior court for proceedings not inconsistent with this opinion. Appellant shall be entitled to reasonable attorney's fees for prosecuting this appeal in an amount to be fixed by the trial court.

Fleming, J., and Compton, J., concurred.