[Civ. No. 44676. Second Dist., Div. Four. Aug. 21, 1974.]

GAR-LO, INC., Plaintiff and Appellant, v.
PRUDENTIAL SAVINGS AND LOAN ASSOCIATION,
Defendant and Respondent.

**COUNSEL**

Gelfan, Malamed, Susman & Benjamin for Plaintiff and Appellant.

Meyers, Stevens & Walters for Defendant and Respondent.

**OPINION**

**FILES, P. J.**—This is a motion to dismiss an appeal upon the ground that the appellant is a corporation whose powers were suspended on or before July 1, 1969, pursuant to Revenue and Taxation Code section 23301, by reason of its failure to pay franchise taxes. A certificate of the Secretary of State is attached to the notice of motion, constituting prima facie proof of the suspension. (Rev. & Tax. Code, § 23302.)

The action was filed by appellant in the superior court on September 3, 1970, and a summary judgment against appellant was entered May 13, 1974. The record on appeal has not yet been prepared.

In opposition to the motion, appellant argues that its lack of capacity to sue could only have been raised by plea in abatement, and that respondent waived that defense by failing to raise it in the trial court at the earliest opportunity. Appellant contends it should be allowed to maintain this ap-

peal for the purpose of showing that the superior court erred in basing its judgment upon the suspension of corporate powers.

■ It is true that a defense based upon such a suspension of corporate powers is a species of plea in abatement (see *Traub Co.* v. *Coffee Break Service, Inc.* (1967) 66 Cal.2d 368, 370 [57 Cal.Rptr. 846, 425 P.2d 790]) and that a suspended corporation which pays its taxes and obtains a certificate of revivor during the pendency of an action may be allowed to carry on the litigation, even to the extent of validating otherwise invalid prior proceedings. The purpose of the suspension is to induce the payment of taxes. "There is little purpose in imposing additional penalties after the taxes have been paid." (*Peacock Hill Assn.* v. *Peacock Lagoon Constr. Co.* (1972) 8 Cal.3d 369, 371 [105 Cal.Rptr. 29, 503 P.2d 285]. Accord: *Traub Co.* v. *Coffee Break Service, Inc., supra.*)

In *Traub,* the court said: "Our holding with respect to the final judgment here attacked is to be distinguished from cases holding that a suspended corporation not shown to have been reinstated lacks the right or capacity to defend an action or to appeal from an adverse decision." (66 Cal.2d at p. 371.)

■ Here we have a corporation which indicates no intention to pay its delinquent franchise taxes. It claims, in effect, that it has acquired an irrevocable license to carry on litigation in this court in defiance of section 23301, by reason of respondent's failure to object in the trial court "at the earliest opportunity presented." Appellant's argument overlooks that the main purpose of the statutory suspension is to collect a tax, and that respondent is only an incidental beneficiary of that law. We do not believe the statute can be construed to give appellant the benefit it claims.

In *Reed* v. *Norman* (1957) 48 Cal.2d 338, 344 [309 P.2d 809], a motion to dismiss the appeal was made on the ground that the corporation in whose right the action had allegedly been brought had been suspended for failure to pay franchise taxes. The motion was denied. One of the reasons given for that decision was that this issue had not been raised prior to the making of the motion and an opportunity should be given to pay the taxes and reinstate the corporation.

We have a different situation here. In the present case the suspension was raised in the trial court. The corporation has not offered to pay. Instead, it has brought this appeal to establish its claim of a right to litigate without paying its taxes.

Taking an appeal from an adverse judgment of the superior court is one of the privileges which the law denies to a domestic corporation suspended under section 23301. (*Boyle* v. *Lakeview Creamery Co.* (1937) 9 Cal.2d 16, 20 [68 P.2d 968]; *Laurel Crest, Inc.* v. *Vaughn* (1969) 272 Cal.App.2d 363, 364 [77 Cal.Rptr. 538]; *Ocean Park etc. Co.* v. *Pacific Auto P. Co.* (1940) 37 Cal.App.2d 158 [98 P.2d 1068].)

The appeal is dismissed.

Kingsley, J., and Dunn, J., concurred.

A petition for a rehearing was denied September 5, 1974.