[Civ. No. 34774, First Dist., Div. Three. Apr. 10, 1975.]

WELCO CONSTRUCTION, INC., et al., Plaintiffs and Appellants, v. MODULUX, INC., et al., Defendants and Respondents.

## COUNSEL

Robert B. Gray for Plaintiffs and Appellants.

Donovan & Smith, Donovan, Smith, Anderson & Toothman and James E. Toothman for Defendants and Respondents.

## OPINION

**SCOTT, J.**—Welco Construction, Inc., John Goodwin, Edward Sowell and G. L. Weller (hereinafter collectively referred to as Welco Construction) appeal from a judgment for Modulux, Inc., granted on the trial court's finding that the plaintiffs' cause of action was barred by the statute of limitations.

Welco Construction filed its complaint August 22, 1967, some two months *after* it had been suspended as a corporation for nonpayment of corporate franchise tax. (Rev. & Tax. Code, § 23301.) Modulux filed an answer and cross-complaint. The parties stipulated to various continuances until the matter was finally set for trial on August 20, 1973. On the trial date Modulux challenged Welco's standing to prosecute its action because of the suspension. The trial court granted Welco's motion for a continuance for the purpose of reviving the corporation. On the same date Welco obtained a certificate of revivor. (Rev. & Tax. Code, § 23305a.)

Modulux's motion to amend their answer to plead the statute of limitations was granted. The court thereafter granted Modulux judgment of nonsuit on the ground that Welco's action was barred by the statute of limitations.

Granting to Welco Construction every mitigating circumstance in the discovery of the accruals of the causes of action and treating the date of the filing of the complaint on the respective causes of action (Aug. 22, 1967, for breach of oral contracts and fraud) as the date of the accruals, it is clear that the statute of limitations on the oral contracts would have run on August 22, 1969 (Code Civ. Proc., § 339), and the statute of limitations on the fraud would have run on August 22, 1970 (Code Civ. Proc., § 338). Thus we proceed on the assumption that, except for the issue of corporate suspension, the actions were otherwise timely filed.

Revenue and Taxation Code section 23301 provides: "Except for the purpose of amending the articles of incorporation to set forth a new name, the corporate powers, rights and privileges of a domestic taxpayer shall be suspended" upon nonpayment of taxes and assessments. A corporation which has been suspended pursuant to section 23301 is without capacity to prosecute a civil action while suspended. (*Reed* v. *Norman* (1957) 48 Cal.2d 338 [309 P.2d 809].)

Revenue and Taxation Code section 23305a provides for a certificate of revivor upon appropriate application by a corporation, and "Upon the issuance of such certificate by the Franchise Tax Board the taxpayer therein named shall become reinstated *but such reinstatement shall be without prejudice to any action, defense or right which has accrued by reason of the original suspension* or forfeiture." (Italics added.)

Appellant urges that the corporation's revival validates retroactively the corporate acts performed in the prosecution of its lawsuit, thereby making its filing of the complaint timely and not barred by the statute of limitations.

The only authority directly on point that has been brought to our attention is *Cleveland* v. *Gore Bros., Inc.* (1936) 14 Cal.App.2d 681 [58 P.2d 931]. There plaintiff's assignor corporation was suspended on March 16, 1933 for nonpayment of franchise tax. The disputed complaint was filed July 15, 1933. The cause of action on which the action was based would have been barred by the statute of limitations on July 31, 1933. The corporation was revived prior to trial on May 10, 1934. The court held that the revivor and restoration of the corporation's rights,

privileges and powers did not have retroactive effect in respect of commencement of the prosecution of the action so as to toll the statute of limitations.

Appellant urges that recent Supreme Court decisions require a different result. We do not agree.

In *Traub Co. v. Coffee Break Service, Inc.* (1967) 66 Cal.2d 368 [57 Cal.Rptr. 846, 425 P.2d 790], the court held (at p. 370) that "a plea of lack of capacity of a corporation to maintain an action by reason of a suspension of corporate powers for nonpayment of its taxes 'is a plea in abatement which is not favored in law, is to be strictly construed and must be supported by facts warranting the abatement' at the time of the plea. [Citations.]" In *Traub* a judgment obtained during suspension was validated by subsequent revivor. The court carefully distinguished a number of cases which did not fall within its holding, including *Cleveland,* which was described as presenting "a statute of limitations problem" (at p. 372).

In the more recent decision of *Peacock Hill Assn. v. Peacock Lagoon Constr. Co.* (1972) 8 Cal.3d 369 [105 Cal.Rptr. 29, 503 P.2d 285], the court discussed extensively the decisional history as to validating of otherwise invalid prior action by a corporation upon its revival. In *Peacock* a motion to dismiss the appeal because of a party's suspension during the appeal was denied, thereby extending the rule of *Traub* to "matters occurring subsequent to judgment" (p. 373). The court stated: "In a number of situations the revival of corporate powers by the payment of delinquent taxes has been held to validate otherwise invalid prior action. (*Traub Co. v. Coffee Break Service, Inc.,* 66 Cal.2d 368, 370 [57 Cal.Rptr. 846, 425 P.2d 790]; *Diverco Constructors, Inc. v. Wilstein,* 4 Cal.App.3d 6, 12 [85 Cal.Rptr. 851]; *A. E. Cook Co. v. K S Racing Enterprises, Inc.,* 274 Cal.App.2d 499, 500 [79 Cal.Rptr. 123]; *Duncan v. Sunset Agricultural Minerals,* 273 Cal.App.2d 489, 493 [78 Cal.Rptr. 339].) In all of the above cited cases it was held that the purpose of section 23301 of the Revenue and Taxation Code is to put pressure on the delinquent corporation to pay its taxes, and that purpose is satisfied by a rule which views a corporation's tax delinquencies, after correction, as mere irregularities. This reasoning is in accord with our language in *Boyle v. Lakeview Creamery Co.,* 9 Cal.2d 16 [68 P.2d 968], declaring the legislative policy of Revenue and Taxation Code provisions imposing sanctions for failure to pay taxes to be 'clearly to prohibit the delinquent corporation from enjoying the ordinary privileges of a going concern, in order that some pressure will be brought to bear to force the payment of taxes.' (At p. 19.)

There is little purpose in imposing additional penalties after the taxes have been paid." (8 Cal.3d at p. 371.)

The Court of Appeal decisions cited with approval in *Peacock* as extending the *Traub* rule, are: *Cook,* which validated an attachment obtained during suspension; *Diverco,* which validated corporate acts during suspension in undertaking discovery, in appearing on and filing motions; and *Duncan,* which validated the corporate defense of an action undertaken during suspension.

In *Rooney v. Vermont Investment Corp.* (1973) 10 Cal.3d 351 [110 Cal.Rptr. 353, 515 P.2d 297], defendant corporation's powers were suspended prior to judgment. Plaintiffs moved to dismiss the appeal of defendant corporation. In the interim the corporation was revived. The court held (at p. 359): "The revival of corporate powers validated the *procedural* steps taken on behalf of the corporation while it was under suspension and permitted it to proceed with the appeal. (*Peacock Hill Assn. v. Peacock Lagoon Constr. Co.* (1972) 8 Cal.3d 369 [105 Cal.Rptr. 29, 503 P.2d 285].)" (Italics added.) To the same effect is *Urich Oil Co. v. Crown Discount Dept. Stores* (1973) 34 Cal.App.3d 743, 746 [110 Cal.Rptr. 316], decided shortly before *Rooney.*

In *Hall v. Citizens Nat. Tr. & Sav. Bank* (1942) 53 Cal.App.2d 625, 630 [128 P.2d 545](cited with approval in *Traub*), the court held that "[c]ommencement of the action during the period of suspension is not a nullity and a revival of the corporate powers prior to the interposition of the plea [in abatement] is sufficient." The court distinguished *Cleveland,* and stated (at p. 631): "The court [in *Cleveland*] held that the revival could not be given a retroactive effect so as to permit the filing of the action at a time of incapacity to toll the running of the statute of limitations; it was the intervening fact of the expiration of the statute of limitations that controlled the decision. In truth the plea was not one in abatement but a defense to the action on the merits."

It is clear from these holdings that *procedural acts* in the prosecution or defense of a lawsuit may be validated retroactively by the corporate revival. It is equally clear that the recent holdings do not apply to substantive defenses that have accrued during the corporate suspension. The statute of limitations is not a procedural right but is a substantive defense.

Statutes of limitation are " 'vital to the welfare of society and are favored by the law . . . to be viewed as statutes of repose, and as such

constitute *meritorious defenses.*' " (*Scheas* v. *Robertson* (1951) 38 Cal.2d 119, 125-126 [238 P.2d 982], quoting *Fontana Land Co.* v. *Laughlin* (1926) 199 Cal. 625, 636 [250 P. 669, 48 A.L.R. 1308]; italics supplied; *City etc. of S. F.* v. *Workmen's Comp. App. Bd.* (1969) 269 Cal.App.2d 382, 392 [74 Cal.Rptr. 810]; cf. 31 Cal.Jur.2d, Limitation of Actions, § 3, p. 429.)

The statute of limitations was a substantive defense which accrued by its running during that period of appellant's suspension, and cannot be prejudiced by revival of the suspended corporation.

Judgment is affirmed.

Draper, P. J., and Devine, J.,* concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 4, 1975.

---

*Retired Presiding Justice of the Court of Appeal assigned by the Chairman of the Judicial Council.