[No. A048905. First Dist., Div. Four. Jan. 22, 1991.]

FLETCHER C. BENTON et al., Plaintiffs and Appellants, v.
COUNTY OF NAPA, Defendant and Respondent;
CALIFORNIA CORPORATION No. 1357823 et al., Real Parties in
Interest and Respondents.

**COUNSEL**

Fletcher C. Benton and Joseph A. Schreuder, in pro. per., Thelen, Marrin, Johnson & Bridges, David Buoncristiani and Keith Slenkovich for Plaintiffs and Appellants.

Robert Westmeyer, County Counsel, for Defendant and Respondent.

Miller, Starr & Regalia, John G. Sprankling, Kathy Green Miller and Arthur F. Coon for Real Parties in Interest and Respondents.

**OPINION**

**REARDON, J.**—In 1987, respondent Napa County approved a use permit allowing real party in interest Whitbread of California, Inc., to construct a winery and related facilities on property near Soda Canyon Road in Napa County. Before the permit expired, Whitbread applied for an extension, which the county granted. Appellants Fletcher C. Benton and Joseph A. Schreuder unsuccessfully petitioned the trial court for a writ of mandate to compel the county to revoke the use permit. Benton and Schreuder appeal, contending that the reinstatement of Whitbread's corporate status after expiration of the use permit did not retroactively validate the extension. We affirm the amended judgment.

## I. FACTS

On September 1, 1987, respondent Napa County granted a use permit to real party in interest Whitbread of California, Inc., allowing it to construct and operate a winery and related facilities on property near Soda Canyon Road. The permit was valid for one year. On February 1, 1988,[1]

---

[1] All dates refer to the 1988 calendar year unless otherwise indicated.

Whitbread's corporate powers were suspended as a result of its failure to pay corporate taxes. (See Rev. & Tax. Code, § 23301.)[2]

On July 5, the county amended its ordinance pertaining to expiration of use permits, permitting administrative approval of extensions. The previous ordinance had required a duly noticed public hearing as a precondition of an extension. The amended ordinance was to take effect on August 4. Later that month, Whitbread filed requests for an administrative extension of the permit and for tolling of the use permit to allow the permit to be valid until after a lawsuit between Whitbread and appellants Fletcher C. Benton and Joseph A. Schreuder, who own property near the Whitbread site, was resolved. By August 1 letter, administrative approval of the permit extension was granted. On August 30, the county board of supervisors approved the request for tolling the use permit after holding a public hearing on the matter. On November 22, the board corrected its minutes of the August 30 meeting relating to the approval of the tolling request.

On December 14, Schreuder sent a letter asking the county to declare that Whitbread's use permit had expired on September 1 because of its suspension of corporate powers. Apparently, Whitbread first learned of this suspension when it received a copy of Schreuder's letter. On December 22, Whitbread's corporate status was revived when it paid the back taxes it owed. By February 23, 1989, Schreuder had received no response to his December 14 letter. He sent a second letter to county counsel, repeating his earlier request.

Meanwhile, on January 4, 1989, Whitbread noted that the August 1 letter granting administrative approval of its extension was authorized by an ordinance that was not effective until August 4. Whitbread inquired about this discrepancy in a letter to the county. On March 6, 1989, the county responded, stating that the administrative approval was intended to be effective on August 4, the effective date of the amended ordinance.

On May 12, 1989, Schreuder filed an administrative appeal of the extension and tolling approvals with the county. On June 20, 1989, Whitbread requested another administrative amendment of a condition of the use permit, effectively tolling the expiration of the use permit until all administrative and judicial actions concerning the permit were finally resolved in Whitbread's favor. On July 7, 1989, the county approved the requested administrative amendment. On July 14, 1989, Schreuder filed an appeal contesting this action. On July 18, 1989, county counsel advised county officials to issue permits to Whitbread on request. On August 14, 1989, the

---

[2] All statutory references are to the Revenue and Taxation Code.

county acknowledged that Schreuder's July 1989 appeal was properly filed, but stated that his May 1989 appeal was not.

On September 13, 1989, Benton and Schreuder petitioned for a writ of mandate to revoke the county's issuance of the extension, effectively revoking the underlying use permit and any related construction permits.[3] They named Corporation No. 1357823 as real party in interest, indicating that this corporation was also known at various times as Separg, Limited; Whitbread of California, Inc.; and Atlas Peak Vineyards, Limited.[4] Benton and Schreuder argued that Whitbread was without legal authority to request an extension or tolling of the use permit in 1988 when its corporate powers had been suspended.

After hearing, the trial court discharged the alternative writ and denied the petition. It found that Whitbread's December 1988 revivor of corporate powers retroactively validated its earlier requests for extension and tolling. It also ruled that the board had sua sponte authority to act regardless of whether Whitbread's corporate powers had been suspended. Judgment issued and was amended. This appeal followed.

## II. REVIVOR

Whitbread's corporate status was suspended at the time it applied for and received the extension and the tolling. On appeal, Benton[5] contends that its December reinstatement of corporate status after expiration of the use permit in September did not retroactively validate the August extension.

The corporate powers, rights and privileges of a domestic corporation may be suspended if corporate taxes are not paid. (§ 23301, subd. (a).) The Franchise Tax Board transmits the names of such corporations to the Secretary of State, whose certificate constitutes prima facie evidence of suspension. (§ 23302, subd. (c).)

A taxpayer which has had its corporate powers suspended may be relieved from suspension if it pays the taxes, penalties and interest owed. Once payment has been made, the Franchise Tax Board issues a certificate of revivor. (§ 23305; see § 23305a.) The certificate of revivor is prima facie

---

[3] They also sought declaratory relief, injunctive relief and attorney fees in their petition. These causes of action were dismissed at their request in December 1989.

[4] According to the petition for writ of mandate, real party in interest Corporation No. 1357823 has registered with the Secretary of State under various names: Separg, Limited (Nov. 19, 1985); Whitbread of California, Inc. (Feb. 10, 1986, and Dec. 22, 1988); and Atlas Peak Vineyards, Limited (Jan. 23, 1987). For convenience, the opinion refers to all of these corporations by their latest name, "Whitbread."

[5] For convenience, the opinion refers to both appellants as "Benton."

evidence of reinstatement. (§ 23305a.) The legal rights of a suspended corporation are then revived, as an unconscious person is revived by artificial respiration. (*Diverco Constructors, Inc.* v. *Wilstein* (1970) 4 Cal.App.3d 6, 12 [85 Cal.Rptr. 851].) In the case at bar, Whitbread's powers were reinstated on December 22, 1988, when it obtained a certificate of revivor.

■ On issuance of this certificate, the taxpayer becomes reinstated, without prejudice to any action, defense or right accruing by reason of the original suspension. (§ 23305a.) If it pays its taxes and obtains a certificate of revivor during the pendency of an action, the corporation may be allowed to carry on litigation, even to the extent of validating otherwise invalid prior proceedings. ■ The purpose of the suspension of corporate power is to induce the payment of taxes. (*Gar-Lo, Inc.* v. *Prudential Sav. & Loan Assn.* (1974) 41 Cal.App.3d 242, 244 [116 Cal.Rptr. 389].) That purpose is ordinarily satisfied by a rule viewing a corporation's tax delinquencies, after correction, as mere irregularities. (*Damato* v. *Slevin* (1989) 214 Cal.App.3d 668, 673 [262 Cal.Rptr. 879]; *A. E. Cook Co.* v. *K S Racing Enterprises, Inc.* (1969) 274 Cal.App.2d 499, 501 [79 Cal.Rptr. 123].) It accomplishes little to impose additional penalties after the taxes have been paid. (*Gar-Lo, Inc.* v. *Prudential Sav. & Loan Assn.*, *supra*, at p. 244.)

■ The cases have created a distinction between procedural and substantive acts. The revival of corporate powers validates any procedural step taken on behalf of the corporation while it was under suspension. (*Rooney* v. *Vermont Investment Corp.* (1973) 10 Cal.3d 351, 359 [110 Cal.Rptr. 353, 515 P.2d 297] [appeal]; see *Urich Oil Co.* v. *Crown Discount Dept. Stores* (1973) 34 Cal.App.3d 743, 746 [110 Cal.Rptr. 316] [appeal]; see also *Peacock Hill Assn.* v. *Peacock Lagoon Constr. Co.* (1972) 8 Cal.3d 369, 371 [105 Cal.Rptr. 29, 503 P.2d 285]; *Welco Construction, Inc.* v. *Modulux, Inc.* (1975) 47 Cal.App.3d 69, 72 [120 Cal.Rptr. 572].) Procedural acts in the prosecution or defense of a lawsuit are validated retroactively by corporate revival. Most litigation activity has been characterized as procedural for purposes of corporate revival. For example, a judgment obtained during suspension is validated by subsequent revivor. (*Traub Co.* v. *Coffee Break Service, Inc.* (1967) 66 Cal.2d 368, 371 [57 Cal.Rptr. 846, 425 P.2d 790] [suspension after filing of cross-action, before rendition of judgment]; see *Welco Construction, Inc.* v. *Modulux, Inc.*, *supra*, at p. 72.) A motion to dismiss an appeal because of a party's suspension may be denied if the party obtains a certificate of revivor. (See *Peacock Hill Assn.* v. *Peacock Lagoon Constr. Co.*, *supra*, 8 Cal.3d at pp. 371-374; *Welco Construction, Inc.* v. *Modulux, Inc.*, *supra*, at p. 72.) An attachment obtained during suspension may later be validated by revivor. (*A. E. Cook Co.* v. *K S Racing Enterprises, Inc.*, *supra*, 274 Cal.App.2d at pp. 500-501; see *Welco Construction, Inc.* v. *Modulux, Inc.*, *supra*, at p. 73.) Corporate acts such as undertaking

discovery, appearing on and filing motions are validated by revivor. (*Diverco Constructors, Inc.* v. *Wilstein, supra*, 4 Cal.App.3d at p. 12 [motion to dismiss, filed two days after revivor, was groundless]; see *Welco Construction, Inc.* v. *Modulux, Inc., supra*, at p. 73.) The corporate defense of an action undertaken during suspension may be validated by later revival of corporate powers. (*Duncan* v. *Sunset Agricultural Minerals* (1969) 273 Cal.App.2d 489, 492-294 [78 Cal.Rptr. 339]; see *Welco Construction, Inc.* v. *Modulux, Inc., supra*, at p. 73.)

The underlying rationale of these cases is based on the concept of a plea in abatement. A plea of lack of capacity of a corporation to maintain an action by reason of a suspension of corporate powers for nonpayment of its taxes is a plea in abatement, which is disfavored by the law. Such a plea is to be strictly construed and must be supported by facts warranting the abatement at the time of the plea. (*Traub Co.* v. *Coffee Break Service, Inc., supra*, 66 Cal.2d at p. 370; see *Welco Construction, Inc.* v. *Modulux, Inc., supra*, 47 Cal.App.3d at p. 72.)

However, substantive defenses accruing during corporate suspension may not be applied to the benefit of the now-revived corporation. (*Welco Construction, Inc.* v. *Modulux, Inc., supra*, 47 Cal.App.3d at p. 73.) For example, the statute of limitations is regarded as a substantive defense, not a procedural right. (*Ibid.*) ■ Revival cannot be given a retroactive effect so as to permit the filing of an action at a time of incapacity to toll the running of the statute of limitations. In other words, if an action is commenced during the period of suspension and the corporate powers are revived after the limitations period expires, the revival does not toll the running of the limitations period. (See *Hall* v. *Citizens Nat. Tr. & Sav. Bank* (1942) 53 Cal.App.2d 625, 630-631 [128 P.2d 545].) In such a case, the plea is not one in abatement, but a plea of the statute of limitations—a substantive defense to the action on the merits. (*Ibid.*; see *Welco Construction, Inc.* v. *Modulux, Inc., supra*, at p. 73.)

■ Benton likens Whitbread's extension and tolling to a statute of limitations and urges us to find that Whitbread's acts were substantive, rather than procedural. However, we find the limitations cases to be distinguishable from the case at bar. Whitbread does not argue that the time for exercising its use permit was tolled as a result of its *suspension* of corporate power, but as a result of the county's approval of its request for an *extension* and tolling. It does not seek to take advantage of its failure to pay its taxes in a timely fashion. Whitbread merely seeks to validate actions taken during its suspension—to give those actions the effect that they would otherwise have.

As Whitbread argued to the trial court, "If taking a judgment is a procedural act, if appealing is a procedural act, then by definition seeking an extension of time for use permits has got to be procedural." The trial court agreed with this assessment of the matter and so do we. The extension does not establish any new substantive rights; it merely extends rights already granted for a longer period of time. We are satisfied that Whitbread's application for and obtaining of the extension and tolling were procedural acts. As its corporate status has been revived, we deem these interim acts to be as valid as if Whitbread's status had never been suspended.

Finally, Benton contends that to allow the county to extend the permit violates state tax law. We disagree. Once the corporate taxpayer has paid the back taxes owed, no further penalty need be imposed. (See *Peacock Hill Assn.* v. *Peacock Lagoon Constr. Co.*, *supra*, 8 Cal.3d at p. 371; *Welco Construction, Inc.* v. *Modulux, Inc.*, *supra*, 47 Cal.App.3d at pp. 72-73.) Benton's argument does not persuade us that the law requires any further penalty. There is no violation of state tax law resulting from the validation of the interim extension and tolling.[6]

The amended judgment is affirmed.

Anderson, P. J., and Poché, J. concurred.

Appellants' petition for review by the Supreme Court was denied April 10, 1991.

---

[6] In light of this conclusion, we need not determine whether the trial court's alternative basis of its ruling—that the county could act sua sponte to grant an extension regardless of whether Whitbread's corporate powers were suspended—was correct.