[Civ. No. 3213. Fifth Dist. Feb. 9, 1977.]

REBCO DEVELOPMENT, INC., Petitioner, v.
THE SUPERIOR COURT OF FRESNO COUNTY, Respondent;
WESTWOOD PROPERTIES, INC., et al., Real Parties in Interest.

**COUNSEL**

William L. Cowin and Vergil L. Gerard for Petitioner.

No appearance for Respondent.

DeWayne Zinkin and Marvin E. Helon for Real Parties in Interest.

**OPINION**

**HOPPER, J.**—Pursuant to section 409.4 of the Code of Civil Procedure, petitioner, Rebco Development, Inc. (herein called "Rebco"), petitions

for a writ of mandate to order the respondent court to vacate its order expunging petitioner's lis pendens. Westwood Properties, Inc., Joseph C. Farina and Joseph A. Farina, are the real parties in interest (herein called Real Parties).

On May 16, 1973, Rebco filed a complaint against Rancho Huevo Crema (herein called Rancho) and Martin M. Schultz for breach of a contract to sell to Rebco a certain 40 acres of land in Fresno County. In that suit, Rebco sought specific performance and damages for breach of contract, fraud and negligent misrepresentation.

In connection with that suit, Rebco recorded a lis pendens as to the 40 acres. On April 30, 1975, Rancho moved to expunge the lis pendens per Code of Civil Procedure sections 409.1 and 409.2. On July 9, 1975, the court ordered that lis pendens expunged pursuant to Code of Civil Procedure section 409.2 upon posting of an undertaking of $40,000. The undertaking was posted. Rebco sought a writ of mandate which was denied as untimely filed. The suit by Rebco against Rancho remains unsettled.

Following the expungement Rancho sold the 40 acres to the real parties. On July 19, 1976, the present lawsuit was commenced against the real parties and other defendants for tortious interference, conspiracy to interfere, an order to quiet title in Rebco, cancellation of the deed to the real parties, punitive damages and transfer of the 40 acres to Rebco under a constructive trust theory. In connection with the filing of the present action, on July 19, 1976, Rebco again recorded a lis pendens. On August 16, 1976, the grantees of the deed from Rancho moved to expunge this lis pendens under Code of Civil Procedure sections 409.1 and 409.2. A hearing on the expungement motion was held. The court heard evidence on the issue of bad faith (Code Civ. Proc., § 409.1) and argument on the applicability of collateral estoppel. The trial judge concluded collateral estoppel should apply. On October 5, 1976, an order was filed in which the court stated: "THE COURT FINDS that collateral estoppel . . . does apply both as to whether the lis pendens should be expunged and as to the amount of the undertaking. . . ." Accordingly, the court ordered that the lis pendens be expunged upon an undertaking of $40,000.

On October 25, 1976, Rebco filed a petition for writ of mandate. An identical petition was filed November 12, 1976, after real parties

challenged the correctness of service of process on the first writ. On December 7, 1976, this court issued an alternative writ of mandate.

On November 2, 1976, in spite of the fact that the petition was pending, real parties recorded the expungement order. On December 15, 1976, this court ordered that the expungement order be without force or effect pending further order of this court and ordering Rebco to record that order.

Collateral estoppel will not apply unless all three of the following questions can be answered in the affirmative:

1. Was the issue decided in the prior adjudication identical with the one presented in the action in question?

2. Was there a final judgment on the merits?

3. Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? (*Bernhard* v. *Bank of America* (1942) 19 Cal.2d 807, 813 [122 P.2d 892].)

Question three is answered in the affirmative in this case. The other *Bernhard* questions must be answered in the negative.

■ We hold that the doctrine of collateral estoppel does not apply to the second expungement order because it is not a final judgment and there is no mutuality of issues. By the very nature of the collateral estoppel concept, these two seemingly separate reasons are inextricably entwined and are herein discussed together.

■ Collateral estoppel only applies where there is an order which is final. The general rule is that an interlocutory order is not directly appealable. (*Lyon* v. *Goss* (1942) 19 Cal.2d 659 [123 P.2d 11].) The exceptions permitting immediate appeal are all statutory.[1] For the principal statutes, see California Civil Appellate Practice (Cont.Ed.Bar 1966) sections 5.36-5.43.

Real parties mistakenly rely on *Michelin Tire Co.* v. *Bentel* (1920) 184 Cal. 315 [193 P. 770]; *Lake* v. *Bonynge* (1911) 161 Cal. 120 [118 P. 535];

---

[1]Final collateral orders may also be appealable. (See 4 Cal. Jur.3d (1973) Appellate Review, § 23, pp. 51-52.)

*Estate of Harrington* (1905) 147 Cal. 124 [81 P. 546]; *Wheeler* v. *Eldred* (1902) 137 Cal. 37 [69 P. 619]. The orders in each and every one of those cases were specifically appealable under the existing statutes: *Michelin* (a motion to discharge an attachment held appealable under Code of Civil Procedure, section 963 (now Code Civ. Proc., § 904.1)); *Lake* (an order re vacating of a judgment held clearly appealable under Code of Civil Procedure, section 963 (now Code Civ. Proc., § 904.1) as being an order made *after* judgment); *Harrington* (determination of widowhood held appealable under Code of Civil Procedure, section 963 (now Prob. Code, § 1240)); *Wheeler* (motion for execution upon a judgment appealable under section 963 of the Code of Civil Procedure (now Code Civ. Proc., § 904.1) as being an order made *after* judgment).

An expungement order under Code of Civil Procedure section 409.2 is specifically not appealable but can be challenged by a writ. (Code Civ. Proc., § 409.4.) Since appealability and finality appear to be opposite sides of the same coin, logically collateral estoppel should apply only to an appealable order. ▮ In any event, in the instant case, further judicial action is required for a complete determination of the rights of the parties. The expungement order does not conclusively determine the rights of the parties. There is nothing to prevent the trial court in the main trial on the basis of the evidence therein presented (which evidence might very well be different from or changed from the time of the expungement order to the final order) from ordering specific performance (subject to the rights of bona fide purchasers subsequent to the expungement order) or determining the amount of damages, if any, to be different or granting any other proper remedy.

Code of Civil Procedure section 409.2 by its very nature simply provides for an ancillary proceeding and if granted removes the lis pendens as an obstacle which might otherwise unduly impede commercial transactions.[2] The rights, liabilities, duties, claims and defenses of the parties are still to be determined in the main case.

The issues at the first and second expungement hearings are not identical. Code of Civil Procedure section 409.2 requires that the court determine whether at the time of the hearing on the motion to expunge a giving of an undertaking will ensure the plaintiff adequate relief. Since

---

[2]In some states, the cancellation order is construed as appealable under a statute providing for appeal from an order re a *provisional remedy.* See for example, *Rehnberg* v. *Minnesota Homes* (1951) 235 Minn. 558 [49 N.W.2d 196].

the trial judge determined the motion solely on the basis of collateral estoppel, he did not consider the matters of adequate relief and amount of the undertaking *at the time* of the second expungement order. Conceivably the decision might be the same. For example, the existence of a contract of sale of Rebco's interest would be material and might be determinative against Rebco in the opinion of the trial judge. (See *Empfield* v. *Superior Court* (1973) 33 Cal.App.3d 105 [108 Cal.Rptr. 375].) However, that does not make the issues identical, but merely the resulting conclusions of trial judges identical after hearing the evidence in each particular situation. The time factor is critical in any analysis of Code of Civil Procedure section 409.2 and collateral estoppel. This is particularly true in this case, for although at the time of the first expungement motion Rebco had agreed to resell the 40 acres to a third party, it is unclear from the record whether the resale contract was still in effect at the time of the second hearing.

Real parties argue that this matter is moot by virtue of their recording of the second expungement order. This court issued an order that the recorded expungement order be without force or effect pending further order. No citation of authority has been furnished substantiating the contention that the case is now moot. We believe that our previous order as to the recorded expungement order was proper and necessary to the complete exercise of our appellate jurisdiction. Furthermore, the recording of the expungement order does not make it impossible for this court to grant petitioner any effectual relief. (See *Consol. etc. Corp.* v. *United A. etc. Workers* (1946) 27 Cal.2d 859, 863 [167 P.2d 725].)

Let a peremptory writ of mandate issue ordering the respondent court to vacate its order of October 5, 1976, expunging the lis pendens. The alternative writ heretofore issued by this court is discharged.

Costs are awarded to the petitioner against the real parties in interest.

The temporary order of December 15, 1976, is dissolved, it having been superseded by this order.

Brown (G. A.), P. J., and Gargano, J., concurred.

A petition for a rehearing was denied March 7, 1977.