[No. B022351. Second Dist., Div. One. Oct. 23, 1987.]

KNAPP DEVELOPMENT & DESIGN, Plaintiff and Appellant, v. PAL-MAL PROPERTIES, LTD., Defendant and Respondent; GARY MARLIN, as Co-trustee, etc., et al., Interveners and Respondents.

COUNSEL

Laurence E. Clark and Wanda Grasse for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Ball, Hunt, Hart, Brown & Baerwitz and Paul R. Pearlson for Interveners and Respondents.

OPINION

**LUCAS, J.**—Knapp Development & Design (KDD) appeals from summary judgment entered against it in its action to foreclose a mechanic's lien.

## FACTS

Joan Knapp is president and majority shareholder of KDD, and is also general partner and majority owner of Real Holding Company (RHC), a limited partnership. RHC acquired title to a parcel of property in the Pacific Palisades which it began to develop as Palisades Village Center. KDD became the general contractor on the project. Some years after the project was started, Pal-Mal Properties, a limited partnership, was formed to obtain additional funding for the project. RHC was one of the limited partners, and it transferred title to Palisades Village Center to Pal-Mal. Pal-Mal obtained a loan from Independent Investors Trust (Independent).

Pal-Mal failed to make payments to Independent on the note, and in July 1982, Independent sent Pal-Mal a notice of default and election to sell. KDD demanded payment for the work it had performed on the property. When no payment was made, KDD filed a mechanic's lien and brought this action to foreclose on the mechanic's lien. KDD recorded a lis pendens giving notice of the foreclosure action.

Independent, through trustees Gary Marlin and Jack Burstein, intervened in this action. Interveners moved for summary judgment on the ground that KDD had incorporated but had not obtained a separate contractor's license for the corporation, and thus as an unlicensed contractor could not bring the action. On April 20, 1984, the trial court granted the motion and ordered summary judgment against KDD.

On May 9, 1984, interveners and defendant moved the lower court for an order expunging KDD's lis pendens, pursuant to Code of Civil Procedure

section 409.1. The motion was granted on May 31, 1984, and the order of expungement was recorded on June 28, 1984.

On June 20, 1984, KDD filed its notice of appeal from the summary judgment. In October of 1985, this division reversed that judgment, holding that KDD had substantially complied with the Contractors License Law and was thus not barred from bringing suit. (*Knapp Development & Design* v. *Pal-Mal Properties, Ltd.* (1985) 173 Cal.App.3d 423, 436 [219 Cal.Rptr. 44].)

The remittitur issued on February 4, 1986. On February 19, 1986, KDD gave notice of a motion seeking, inter alia, an order allowing recording of a new lis pendens. The motion was scheduled to be heard on March 18, 1986. However, KDD took the motion off calendar.

On April 7, 1986, interveners, who had purchased the property at foreclosure sale on November 29, 1983, sold the property to Leo Rosengarth, as trustee of Commonwealth Equity Trust. On May 23, 1986, interveners and defendant again moved for summary judgment on two grounds: (1) Sale of the property after expungement of KDD's lis pendens barred the action under Code of Civil Procedure sections 409.1 and 409.8; and (2) KDD's admissions in deposition testimony conclusively established that KDD had been paid in full for labor and materials furnished for the Palisades Village Center. On July 3, 1986, the trial court granted summary judgment on the first ground. KDD filed this timely appeal.

### EXPUNGEMENT

■ Despite the complex background of this dispute, only a small portion of which is set forth above, the question before us is relatively straightforward: whether, pursuant to the provisions of Code of Civil Procedure section 409.8, transfer of the property to Commonwealth Trust after expungement of KDD's lis pendens left the property absolutely free and clear of the within foreclosure action. We agree with the trial court that the answer is yes.

Recording of a lis pendens pursuant to Code of Civil Procedure section 409 to give notice of the pendency of an action to foreclose a mechanic's lien is expressly authorized under Civil Code section 3146. The purpose of a lis pendens is to furnish a means of notifying all persons of the pendency of an action and thereby bind any person who may acquire an interest in property, subsequent to the institution of the action, by any judgment which may be secured in the action affecting the property. (*Stagen* v. *Stewart-West*

*Coast Title Co.* (1983) 149 Cal.App.3d 114, 122 [196 Cal.Rptr. 732].) Code of Civil Procedure section 409, subdivision (a), which governs the recording of lis pendens, provided that "[f]rom the time of filing the notice for record only, a purchaser or encumbrancer of the property affected thereby shall be deemed to have constructive notice of the pendency of the action as it relates to the real property and only of its pendency against parties designated by their real names."

Code of Civil Procedure section 409.1 provides for expungement of a lis pendens upon motion of a party to the action unless the party filing the lis pendens establishes that the action affects title or right to possession of the real property and that the action was commenced or prosecuted for a proper purpose and in good faith.

Recordation of an expungement order expressly eliminates binding knowledge of the pendency of an action to any person other than a party to the action who becomes a purchaser, transferee, mortgagee or other encumbrancer for value of any interest in the subject real property prior to recordation of judgment in the action. This elimination of notice is "irrespective of whether such person actually possessed actual knowledge of the action or matter and irrespective of when or how such knowledge was obtained. It is the intention of the Legislature that this section shall provide for the absolute and complete free transferability of real property after the expungement or withdrawal of a notice of pendency of action." (Code Civ. Proc., § 409.8.)

Crystal clear from this statutory language is that *any* notice to a nonparty transferee of the pendency of an action affecting real property is entirely eliminated once a lis pendens is expunged. This permits such nonparty to become a bona fide purchaser, a purchaser for value without notice of any defects in the title of the seller. (*Walters* v. *Calderon* (1972) 25 Cal.App.3d 863, 876 [102 Cal.Rptr. 89].) As a bona fide purchaser, this nonparty would not be bound by any judgment which might subsequently be secured in the pending action affecting the property. Such freedom from the consequences of the pending action after expungement greatly enhances the "free transferability of real property," thus carrying out the express purpose of Code of Civil Procedure section 409.8.

Applying these statutes to our facts, we have (1) an action by KDD to foreclose a mechanic's lien, (2) a duly recorded lis pendens, (3) a judgment against plaintiff KDD, (4) a recorded order expunging the lis pendens, (5) an appeal from the judgment, (6) reversal of the judgment, (7) sale of the property to a nonparty, and (8) new judgment against plaintiff based on sale

to the bona fide purchaser who takes the property free of any mechanic's lien. The impact of section 409.8 on these facts is obvious: although the purchaser may have had actual knowledge of the pendency of the action, since the sale took place after recordation of the order expunging the lis pendens the purchaser is statutorily without such notice and therefore takes title to the property free of the mechanic's lien. Thus, the motion for summary judgment was properly granted.

## AVAILABLE REMEDIES

■ Despite KDD's protestations on appeal, it did have several different opportunities to avoid this result. We note first that entry of judgment in their favor did not automatically entitle interveners to expungement of the lis pendens; after judgment a lis pendens remains effectively on record unless a statutory ground for expungement is established. (*Mason* v. *Superior Court* (1985) 163 Cal.App.3d 989, 995 [210 Cal.Rptr. 63].) KDD had the opportunity to oppose interveners' motion to expunge. Under Code of Civil Procedure section 409.1, KDD had the burden to establish that the action was commenced or prosecuted for a proper purpose in order to defeat the motion. In the postjudgment context, this involves some consideration of the merits of the case. "The patent lack of merit of an appeal from a sound judgment is . . . demonstrative of an appellant's improper purpose. Therefore, to avoid expungement after judgment, the losing party must demonstrate that he will raise a substantial issue for review —that is, an issue the proper resolution of which could both affect the disposition of the real property at issue and be the subject of legitimate debate on appeal." (*Peery* v. *Superior Court* (1981) 29 Cal.3d 837, 844-845 [176 Cal.Rptr. 533, 633 P.2d 198].) A weak case will not, by itself, demonstrate an improper motive; if an appellant makes a verified declaration of good faith and demonstrates the substantiality of the appeal, the respondent's proof that the issues are likely to be resolved in its favor should not by itself justify expungement. (*Id.,* at p. 845.)

If unsuccessful in opposing a motion to expunge a lis pendens, Code of Civil Procedure section 409.4 expressly provides for review of the order by writ of mandate, to be filed within 20 days after service of written notice of the order. KDD had an opportunity to be heard on the merits of the motion to expunge, and an opportunity for speedy appellate review of the order granting the motion.

Although appellant has not included in the record on appeal either the motion to expunge or any opposition it may have filed to said motion, we do have the declaration filed by KDD's counsel in opposition to the second

motion for summary judgment in which she states: "I had no reason to object to the expungement of the lis pendens in this case at the time it was expunged because intervenor had, in fact, obtained judgment. [¶] I had no cause to petition the appellate court for a writ of mandate for the same reason." By taking this position, which is unsupported by the statutes and the above cited case law, KDD failed to utilize either of these opportunities to protect its position.

Once KDD filed its notice of appeal from judgment entered on summary judgment, it could also have sought an order from this court under Code of Civil Procedure section 923 seeking to preserve the status quo. (See *Rebco Development, Inc.* v. *Superior Court* (1977) 67 Cal.App.3d 13, 18 [136 Cal.Rptr. 351]; *McKnight* v. *Superior Court* (1985) 170 Cal.App.3d 291, 297 [215 Cal.Rptr. 909].) Again, counsel chose not to avail herself of the opportunity, explaining in her declaration: "It would not have been good practice for me to have requested a writ of supersedeas from the appellate court when this case was appealed because case law was clearly unfavorable to my client at that time. It was not until after all briefs were filed that the Supreme Court overturned the case which had been the basis for granting intervenor's Motion for Summary Judgment."

After KDD prevailed on appeal from the first judgment, it certainly had reason to file notice that the action was pending. ■ A party may not record, at will, a second notice of lis pendens after the first has been expunged; prior consent of the court should be obtained. (*Ranchito Ownership Co.* v. *Superior Court* (1982) 130 Cal.App.3d 764, 771 [182 Cal.Rptr. 54].) Apparently recognizing this, after we issued the remittitur, KDD filed a motion in the trial court which sought, inter alia, an order allowing it to record a new lis pendens. However, KDD took this motion off calendar the day before it was scheduled to be heard, thereby failing again to utilize an opportunity to protect its interest in the real property during pendency of the action. It was two weeks after the motion was set to be heard that the real property was sold. Had appellant pursued its motion and recorded a new lis pendens, the purchaser would not have taken the property free of appellant's lien.

Appellant argues that such motion would have been futile, since it had moved the court in a related action for an order to record a new lis pendens, which motion had been denied, and "counsel had no reason to anticipate a different ruling in this case." What is not mentioned, however, is that in the other case plaintiff's counsel had signed a stipulation stating: "The Plaintiff shall not record or file a Lis Pendens in this action." The court denied the motion to record the new lis pendens in that case because of the agreement

not to file a lis pendens. That motion thus involved issues different from those involved in this matter, and a ruling on the motion in that case would not necessarily foreshadow a ruling on the motion in this one.

The fact that the trial court denied KDD's later motion for an order to record a new lis pendens in this case also fails to demonstrate the futility of having the first motion heard and ruled on. The second motion was heard and decided after the sale of the property, after summary judgment was granted and entered and after notice of appeal was filed. The trial court had an entirely different set of circumstances to consider.

Inasmuch as the original lis pendens was expunged and no new lis pendens recorded during the pendency of this action, the buyer of the property is conclusively presumed to be a bona fide purchaser without notice under the clear provisions of Code of Civil Procedure section 409.8. The buyer took the subject property free of KDD's mechanic's lien, thereby precluding KDD from foreclosing its lien against the property. Summary judgment was properly granted on this basis.

## STANDING

There is no merit to appellant's assertion that because interveners had sold the real property prior to the motion for summary judgment, they had no standing to bring the motion. ■ "In the case of any transfer of interest of a party in the subject matter of a pending action, the proceeding may be continued in the name of the original party." (*Parker* v. *Superior Court* (1970) 9 Cal.App.3d 397, 400-401 [88 Cal.Rptr. 352, 67 A.L.R.3d 743]; Code Civ. Proc., § 385, subd. (a).)

## RETROACTIVITY

■ There is also no merit to appellant's argument that application of Code of Civil Procedure section 409.8 to this case would be retroactive and unconstitutional. A retroactive statute which is one which operates on matters that occurred, or on rights, obligations, and conditions that existed, before the time of its enactment, giving them a different effect from that which they had under previously existing law. (*Armstrong* v. *County of San Mateo* (1983) 146 Cal.App.3d 597, 613 [194 Cal.Rptr. 294].)

We realize that the recording of the mechanic's lien, the filing of the action to foreclose the mechanic's lien, and the recording of the lis pendens all occurred in July 1982, prior to the January 1, 1983, operative date of section 409.8. However, the expungement of the lis pendens, which brought

section 409.8 into play, did not occur until June 4, 1984. "A statute does not operate retroactively merely because some of the facts or conditions upon which its application depends came into existence before the enactment." (*Coast Bank* v. *Holmes* (1971) 19 Cal.App.3d 581, 593 [97 Cal.Rptr. 30].) Code of Civil Procedure section 409.8 was in effect before the occurrence of the transaction to which it was applied, and thus did not operate retroactively in this case.

## DISPOSITION

The judgment is affirmed.

Spencer, P. J., and Devich, J., concurred.