[No. B064762. Second Dist., Div. One. Aug. 9, 1993.]

FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff and
Appellant, v.
PAUL ROBERT CHARLTON et al., Defendants and Respondents.

## COUNSEL

Frandzel & Share, Stephen H. Marcus, Luis A. Garcia, Ann S. Duross, Colleen B. Bombardier, Maria Beatrice Valdez and David A. Felt for Plaintiff and Appellant.

Weinhart & Riley and Grant K. Riley for Defendants and Respondents.

## OPINION

**VOGEL (Miriam A.), J.**—The question on this appeal is whether a recorded order expunging a lis pendens affects a previously recorded abstract of judgment. We hold that it does not.

### FACTS

While living in Texas, Concepcion Steinberg guaranteed a loan made by Coronado Bank to a business she owned with her husband. Within seven months of each other, Steinberg and her husband died, leaving the loan unpaid. The Bank sued Steinberg's estate (and others) and obtained a Texas judgment against (among others) Steinberg's daughter, Sylvia Prata, in her capacity as administrator of Steinberg's estate.

The Bank promptly obtained entry of the Texas judgment in California and gave notice to Prata and the other judgment debtors that a sister-state judgment had been entered against them in the Los Angeles Superior Court.

(Code Civ. Proc., § 1710.30 et seq.)[1] A few weeks later, the Bank recorded two abstracts of judgment in Los Angeles County. About a year later, in Los Angeles, Prata was appointed administrator of Steinberg's estate. The estate's sole asset was real property in La Crescenta, California, title to which remained in the name of Concepcion Steinberg.

About another year later, Prata filed a petition for final distribution of Concepcion Steinberg's estate and a hearing was set in the probate court. The Bank, which had not previously appeared in the probate proceedings, sent its lawyer to the hearing to request a continuance, to give it time to intervene and to object to the petition for final distribution. Prata's attorney opposed the request for a continuance, explaining to the court that the La Crescenta property was "subject to [the Bank's] abstract of judgment" and acknowledging that when the property was distributed, "all liens of record [would] include the abstract of judgment." The court concluded the Bank was fully protected, denied its request for a continuance, granted Prata's petition for final distribution, and distributed the La Crescenta property to Prata.

The Bank then filed this action against Prata (and others) to enforce and foreclose on the lien created by its abstracts of judgment. At the same time, the Bank recorded a lis pendens, in which it explained that the pending action sought to judicially foreclose a judgment lien on the La Crescenta property. Prata's demurrer to the Bank's complaint was sustained without leave to amend, her motion to expunge the lis pendens was granted, and the expungment order (which did not refer to the abstracts of judgment) was recorded. The Bank appealed from the order of dismissal (raising issues which had nothing to do with the issue on this appeal).

While the first appeal was pending, Prata sold the La Crescenta property to Paul and Stephanie Charlton. Later, we reversed the order of dismissal and remanded the matter to the trial court with directions to permit the Bank to amend its complaint. (*Coronado Bank* v. *Prata* (Nov. 30, 1988) B032437 [nonpub. opn.].) The Bank (which by that time had been acquired by Texas National Bank) filed an amended complaint adding the Charltons and others as additional defendants, and a new lis pendens was recorded.[2] The Charltons then moved for summary judgment, contending they were bona fide

---

[1]Unless otherwise stated, all section references are to the Code of Civil Procedure.

[2]Sometime later, the Federal Deposit Insurance Corporation (FDIC) was appointed receiver of the Bank. The FDIC, as receiver, sold the judgment and lien to itself, in its corporate capacity, and the FDIC was substituted in place of the Bank as the plaintiff in this action. For continuity, we continue to refer to the plaintiff as the Bank.

purchasers because the order expunging the lis pendens removed all clouds on the title to the La Crescenta property, including the abstracts of judgment. The trial court agreed and granted summary judgment. The Bank appeals from the judgment thereafter entered.

## DISCUSSION

The Bank contends the expungment order had no effect on the previously recorded abstracts of judgment and that, therefore, the Charltons acquired the property subject to the Bank's judgment lien. We agree.

Subject to specified exceptions, an abstract of judgment attaches to all interests (whether present or future, vested or contingent, legal or equitable) owned by the judgment debtor in real property in the county in which the abstract is recorded and creates a judgment lien on that property which continues until it expires 10 years later or is satisfied or released. (§§ 674, 697.310, subds. (a), (b), 697.340; *Casey* v. *Gray* (1993) 13 Cal.App.4th 611, 614 [16 Cal.Rptr.2d 538]; *Kinney* v. *Vallentyne* (1975) 15 Cal.3d 475, 479 [124 Cal.Rptr. 897, 541 P.2d 537].) When real property encumbered by a duly recorded abstract of judgment is transferred, the transferees are charged with constructive knowledge of the encumbrance and they take title to the property subject to the lien created by the abstract, not as bona fide purchasers. (§ 697.390, subd. (a); Gov. Code, § 27326.) To avoid these rules, the Charltons contend the recorded order expunging the lis pendens wiped out the Bank's judgment lien and that, therefore, they were bona fide purchasers. They are wrong.

The judgment lien created by a recorded abstract of judgment bears little resemblance to a lis pendens.[3] A lis pendens is recorded by someone *asserting* a real property claim, to give notice that a lawsuit has been filed which *may*, if that person prevails, affect title to or possession of the real property described in the notice. (§§ 405.2, 405.4, 405.20.) A transfer of the property after a lis pendens is recorded binds the transferee to a judgment subsequently rendered in the pending action (*Urez Corp.* v. *Superior Court* (1987) 190 Cal.App.3d 1141, 1144 [235 Cal.Rptr. 837]) but it does *not* make the party who recorded the lis pendens a secured creditor (*id.* at p. 1149; *Wardley Development Inc.* v. *Superior Court* (1989) 213 Cal.App.3d 391, 399 [262 Cal.Rptr. 87]). A lis pendens is extinguished by recording either a notice of its withdrawal or an expungment order. (§§ 405.30, 405.50.) If it is

---

[3]Although the lis pendens statute was amended after this case was decided in the trial court (Stats. 1992, ch. 883, § 2), the amendments did not change the rules applicable to this case. Accordingly, our references to the statute are to the current version.

expunged and the expungment order is recorded, a subsequent purchaser takes title unencumbered by the judgment ultimately rendered in the action in which the lis pendens was recorded. (§ 405.61.)

Conversely, an abstract of judgment is recorded by the prevailing party *after* a court has awarded judgment and it attaches to all of the losing party's ownership interests in real property in the county in which the abstract is recorded. (§ 697.340.) It makes the judgment creditor a *secured creditor* (*Laubisch* v. *Roberdo* (1954) 43 Cal.2d 702, 707 [277 P.2d 9]) and, by statute, can be extinguished *only* by the recording of an acknowledgment of satisfaction of the underlying judgment or by the judgment creditor's release of the lien (§ 697.400, subds. (a), (c); *Songer* v. *Cooney* (1989) 214 Cal.App.3d 387, 391- 393 [264 Cal.Rptr. 1]). There is no statutory procedure for "expunging" an abstract of judgment.

By the plain differences in the statutory schemes, there is no reason to believe an order expunging a lis pendens would extinguish a previously recorded abstract of judgment. Accordingly, the Charltons' reliance on *Knapp Development & Design* v. *Pal-Mal Properties, Ltd.* (1987) 195 Cal.App.3d 786 [240 Cal.Rptr. 920], is misplaced. In *Knapp*, we held that an order expunging a lis pendens in an action to foreclose a mechanic's lien extinguished the mechanic's lien along with the lis pendens and permitted a postexpungment transferee to take title as a bona fide purchaser, free of "any judgment which might subsequently be secured in the pending action affecting the property." (*Id.* at p. 790.) A mechanic's lien, unlike an abstract of judgment, protects laborers and others for a brief, finite period (90 days) *pending resolution of a dispute* (Civ. Code, § 3144; 3 Witkin, Summary of Cal. Law (9th ed. 1987) Security Transactions in Real Property, § 58 et seq.), and the claimant's failure to enforce a mechanic's lien by timely prosecution permits the owner of the affected property to petition the court for a decree releasing the property from the lien. (Civ. Code, § 3154, subd. (a).) Implicitly, therefore, *Knapp Development & Design* v. *Pal-Mal Properties, Ltd., supra,* 195 Cal.App.3d 786, treats the motion for an order expunging the lis pendens as including a petition for a decree releasing the mechanic's lien and holds, by necessary implication, that issuance of the order of expungment included an order releasing the mechanic's lien. No similar procedure applies to an abstract of judgment.

Accordingly, the order expunging the lis pendens did not affect the previously recorded abstracts of judgment and the abstracts remained of record at the time the Charltons acquired the property. The Charltons took the property subject to the Bank's judgment lien and they are not bona fide purchasers.

## DISPOSITION

The judgment is reversed and the matter is remanded to the trial court with directions to permit the FDIC to proceed to enforce and foreclose its judgment lien. The FDIC is awarded its costs on appeal.

Spencer, P. J., and Ortega, J., concurred.

A petition for a rehearing was denied September 3, 1993, and respondents' petition for review by the Supreme Court was denied November 10, 1993.