Filed 5/31/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| LONGVIEW INTERNATIONAL, INC., | H044905 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. 2012-1-CV-228043 ) |
| v. | |
| KYLE STIRLING et al., | |
| Defendants; | |
| ANNE CATAMBAY, | |
| Intervener and Appellant. | |

Anne Catambay appeals the denial of her motion to expunge a judgment lien on real property. She contends that because the judgment creditor is a corporation that was suspended at the time the lien was created, the lien is void. We conclude that recording an abstract of judgment is a procedural act that is retroactively validated once a suspended corporation's powers are reinstated. The trial court therefore correctly denied the motion, and we will affirm the order.

## I.   BACKGROUND

Anne Catambay's husband was sued in Santa Clara County for embezzlement. That lawsuit resulted in a judgment against him for over one million dollars. A corporation—Longview International, Inc.—is the judgment creditor. Longview International recorded an abstract of judgment in San Mateo County, creating a judgment lien on real property owned by Catambay's husband in that county (a house in Redwood City). Two days later, Catambay's husband conveyed the Redwood City house to her as part of a marital settlement agreement in their then-pending dissolution proceeding.

Catambay discovered that at the time Longview International recorded the abstract of judgment its corporate powers had been suspended. (The Delaware corporation had failed to provide an annual statement of information and pay a $25 fee to the state of Delaware.) She filed a motion in the Santa Clara County embezzlement case, asking to intervene in the action and seeking to expunge the judgment lien from the Redwood City property. Longview International opposed the motion. It argued that its corporate powers had been reinstated, which retroactively validated any actions it took while suspended, including recording the abstract of judgment. The trial court denied Catambay's request to intervene and her request to expunge the lien.

## II. DISCUSSION

Since the operative facts are not in dispute, whether the motion to expunge the judgment lien was properly denied is a legal question we review de novo. (*Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 799.) We first note that Catambay's motion to expunge the judgment lien is not authorized by any statute and may not even be the appropriate vehicle to secure the relief she sought. (See *Federal Deposit Ins. Corp. v. Charlton* (1993) 17 Cal.App.4th 1066, 1070.) But even if we assume the trial court had authority to grant the motion, denial was proper because there is no basis for removing the lien.

A judgment lien on real property is created by recording an abstract of a money judgment with the county recorder. (Code Civ. Proc., § 697.310, subd. (a).) Upon recording, the lien automatically attaches to all real property the judgment debtor owns within that county. (*Id*., § 697.340, subd. (a).) The effect of the lien is to secure the debt: it allows the judgment to be satisfied from the proceeds of a sale of the property. (*Laubisch v. Roberdo* (1954) 43 Cal.2d 702, 707.) The lien remains until the judgment creditor files an acknowledgement of satisfaction of judgment or agrees to release the lien. (*Federal Deposit Ins. Corp. v. Charlton*, *supra*, 17 Cal.App.4th 1066, 1070.) For a judgment lien to be valid, an abstract of judgment must be properly recorded and contain

2

all the information required by statute.  (*Keele v. Reich* (1985) 169 Cal.App.3d 1129, 1133.)

Catambay does not dispute that the abstract of judgment in this case was filed with the county recorder and complied with the necessary statutory formalities.  But she contends the lien is invalid because Longview International's corporate powers were suspended when the abstract was filed, and suspended corporations are not allowed to take any action to enforce a judgment.  A suspended corporation loses all "corporate powers, rights, and privileges."  (Rev. & Tax. Code, § 23301.)  The right to enforce a civil judgment is one of the rights lost.  (*Cal-Western Business Services, Inc. v. Corning Capital Group* (2013) 221 Cal.App.4th 304, 314.)  So Catambay is correct that at the time Longview International recorded the abstract it did not have the legal authority to do so.  That does not end the inquiry, though, because a corporation can retroactively validate unauthorized actions taken during a suspension by correcting the condition causing the suspension and applying for a certificate of revivor.  (Rev. & Tax. Code, § 23305; *Benton v. County of Napa* (1991) 226 Cal.App.3d 1485, 1490.)  And Longview International obtained such a revival of its powers here, before Catambay moved to expunge the lien.

"[T]he revival of corporate powers retroactively validates any procedural steps taken on behalf of the corporation in the prosecution or defense of a lawsuit while the corporation was under suspension."  (*Tabarrejo v. Superior Court* (2014) 232 Cal.App.4th 849, 862.)  Accordingly, so long as recording an abstract of judgment is a "procedural step" in prosecuting a lawsuit, the abstract recorded in this case (which by operation of law created a judgment lien) was retroactively validated upon the revival of Longview International's corporate powers.  We observe that "[m]ost litigation activity has been characterized as procedural for purposes of corporate revival."  (*Benton v. County of Napa*, *supra*, 226 Cal.App.3d at p. 1490.)  Obtaining a writ of attachment—a collection method that is a close analogue to the judgment lien here—has been found to

3

be a procedural step subject to retroactive validation. (*A.E. Cook Co. v. K S Racing Enterprises, Inc.* (1969) 274 Cal.App.2d 499, 501.) Even obtaining the underlying judgment is procedural and subject to later validation if a corporation is suspended when the judgment is issued. (*Benton v. County of Napa*, *supra*, 226 Cal.App.3d at p. 1490.)

If obtaining a judgment is considered a procedural step, we see no reason why enforcing one would not be. Catambay suggests Longview International's enforcement action should be considered substantive because she was not a party to the litigation underlying the judgment and the lien affects rights she acquired in the property during the period of suspension. We acknowledge the distinction she attempts to draw, but it is not raised by the facts here. In this case, any interest Catambay has in the property is subject to the judgment lien that was *recorded before* she acquired it. Giving effect to that lien therefore does not take anything away from Catambay, and we see no reason she should be rewarded with more than she had to begin with. We conclude that Longview International's recording of an abstract of judgment while the corporation was suspended is a procedural matter which was retroactively validated when its corporate powers were restored.

Catambay makes an alternative argument: that even if the abstract of judgment is retroactively validated, it would not affect her interest in the property because the validation did not occur until the corporation's powers were revived, which was after the date the property was transferred to her. She invokes California's "race-notice" statute, which provides that one who purchases property without notice of an unrecorded, previously created interest takes the property free of that unrecorded interest. (Civ. Code, § 1214.) The argument assumes the abstract of judgment when recorded was void— something that "is without legal efficacy, is incapable of being enforced by law." (See *Little v. CFS Service Corp.* (1987) 188 Cal.App.3d 1354, 1358 [defining "void," with reference to Black's Law Dictionary].) A void instrument, even if recorded, does not create an interest in real property and is therefore not effective to provide notice of an

4

adverse interest in the property to a later purchaser. (*City of Los Angeles v. Morgan* (1951) 105 Cal.App.2d 726, 733.)

But the abstract of judgment here is not void. At the time it was recorded, it was *capable* of being enforced by law—upon Longview International obtaining a revival of its corporate powers, which would retroactively validate the lien and make it fully enforceable. That is in contrast to the situation in *Keele v. Reich*, *supra*, 169 Cal.App.3d 1129, relied on by Catambay, in which a judgment lien was held not enforceable against a transferee because the abstract that created it did not comply with all statutory requirements (it omitted the judgment debtor's social security number). The omission of the required data rendered the abstract void, meaning it could not be enforced under any circumstances. (*Id*. at p. 1133.) This case is different because the abstract complied with all the statutory requirements, but Longview International could not enforce the judgment until it obtained a revivor. The situation here is more like *Tabarrejo v. Superior Court*, *supra*, 232 Cal.App.4th 849, 862, where a suspended corporation's notice of appeal from a labor commissioner award was sufficient to confer jurisdiction on the trial court, even though the corporation was prohibited from pursuing its appeal while suspended. When the suspended corporation filed the notice "there was always a possibility that it would cure its incapacity by reviving its corporate powers." (*Id*. at p. 867.) Similarly here, when Catambay took title to the property it was always possible that Longview International would cure its incapacity and be able to enforce its rights. The abstract of judgment was not void given the existence of that possibility.

The purpose of the recording statutes is to protect purchasers of real property by giving them notice of all existing and outstanding estates, titles, or interests in the property, whether valid or invalid, which *may* affect their rights as purchasers. (*City of Los Angeles v. Morgan*, *supra*, 105 Cal.App.2d 726, 733.) The recorded abstract gave Catambay notice that Longview International asserted an interest in the Redwood City

5

property, one that could be enforced upon the revival of its corporate powers.[1]  She therefore received the property subject to that interest.  A conveyance of real property subject to a judgment lien does not affect the lien, which can be enforced against the transferee.  (*Dieden v. Schmidt* (2002) 104 Cal.App.4th 645, 651, citing Code Civ. Proc. § 697.390, subd. (a).)  There is accordingly no basis for removing the judgment lien.

Catambay separately contends the trial court erred by denying her request to intervene in the action.  But since the sole purpose of intervention would be to seek relief from the judgment lien—relief to which Catambay is not entitled—she was not prejudiced by the denial of her motion to intervene.

## III.    DISPOSITION

The order is affirmed.  Respondent shall recover its costs on appeal.

---

[1] Longview International argues that Catambay is not a bona fide purchaser because she did not establish in the record that she paid valuable consideration for the property nor even that she is the owner.  In response, Catambay requests that we take judicial notice of certain documents purporting to establish her ownership.  We deny that request as unnecessary to resolve the appeal.  Even assuming the facts Catambay seeks to establish through judicial notice—that she is the record owner of the property and purchased it for value—she cannot prevail.

6

_____
Grover, J.

**WE CONCUR:**

_____
Greenwood, P. J.

_____
Elia, J.

**H044905 -** *Longview International, Inc. v. Stirling et al.*

| | |
|---|---|
| Trial Court: | Santa Clara County Superior Court<br>Superior Court No. 2012-1-CV-228043 |
| Trial Judge: | Hon. William J. Elfving |
| Counsel for Plaintiff/Respondent: | Myron Moskovitz<br>Moskovitz Appellate Team |
| Defendant Kyle Stirling: | In Propria Persona |
| Intervenor/Appellant Anne Catambay: | Fred M. Blum<br>Bassi, Edlin, Huie & Blum, LLP |