TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

XAVIER BECERRA
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | No. 18-502 |
| of | : | February 16, 2021 |
| XAVIER BECERRA | : |  |
| Attorney General | : |  |
| CATHERINE BIDART | : |  |
| Deputy Attorney General | : |  |

_____

THE HONORABLE MICHELLE D. BLAKEMORE, COUNTY COUNSEL OF THE COUNTY OF SAN BERNARDINO, has requested an opinion on a question about county nuisance abatement liens.

**QUESTION PRESENTED AND CONCLUSION**

Does a county's nuisance abatement lien created under Government Code section 25845 have a ten-year expiration period like the judgment lien referenced in that statute?

No. A county's nuisance abatement lien created under Government Code section 25845 does not have a ten-year expiration period.

**BACKGROUND**

There are many different kinds of liens, which provide a way to obtain payment of money owed. Typically, a lien gives a creditor a legal right or interest in another's

1

property, lasting until the underlying debt is satisfied.[1]  Here, we are asked about a type of lien used to recover a county's costs of abating a nuisance.[2]

A county may summarily abate a nuisance, or bring an action (administrative or judicial) to abate a nuisance.[3]  Either way, under Government Code section 25845, the owner of property on which a nuisance is found to exist is liable to the county for the costs of abating the nuisance.[4]  If the owner does not pay, the county may assess the costs against

---

[1] Black's Law Dictionary (11th ed. 2019).

[2] A nuisance is defined by statute as

> [a]nything which is injurious to health, including, but not limited to, the illegal sale of controlled substances, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, or river, bay, stream, canal, or basin, or any public park, square, street, or highway.

(Civ. Code, § 3479.)  Additionally, a law may deem something to be a nuisance, known as a nuisance per se.  (*Beck Development Co. v. Southern Pacific Transportation Co.* (1996) 44 Cal.App.4th 1160, 1207 ["[W]here the law expressly declares something to be a nuisance, then no inquiry beyond its existence need be made and in this sense its mere existence is said to be a nuisance per se"].)

[3] Civ. Code, §§ 3491 (setting forth remedies for public nuisance of indictment or information, civil action, or abatement), 3501 (setting forth remedies for private nuisance of civil action or abatement); Code Civ. Proc., § 731 (authorizing officers including county counsel to bring civil action against public nuisance); Gov. Code, § 25845, subd. (a) (authorizing county ordinance to establish procedures for abatement of nuisance, while recognizing availability of summary abatement where board of supervisors or authorized officer determines nuisance is immediate threat to public health or safety); see Civ. Code, §§ 3480 (defining public nuisance as one affecting at same time a considerable number of persons or community or neighborhood, even if extent of annoyance or damage caused may differ among those affected), 3481 (defining private nuisance as every nuisance that is not a public nuisance).

[4] Gov. Code, § 25845, subd. (b) ("In any action to abate a nuisance, whether by administrative proceedings, judicial proceedings, or summary abatement, the owner of the parcel upon which the nuisance is found to exist shall be liable for all costs of abatement incurred by the county, including, but not limited to, administrative costs, and any and all costs incurred in the physical abatement of the nuisance," and recovery of those costs "shall be in addition to and shall not limit any prevailing party's right to recover costs pursuant to Sections 1032 and 1033.5 of the Code of Civil Procedure or any other provision of law");

2

the property and collect the assessment in the same way as a tax.[5]   After making the assessment, the county also may create a nuisance abatement lien against the property.[6] This lien is created by the county board of supervisors causing a "notice of abatement lien" to be recorded.[7]   The county may then collect its assessed costs of abatement in the same way that the holder of a judgment lien on real property would collect the money due under that judgment.[8]   A judgment lien[9] against real property is a mechanism to obtain money awarded in a court judgment using proceeds of an eventual sale of the property.[10]

---

see Gov. Code, § 25845, subd. (c) (authorizing ordinance providing for recovery of attorneys' fees).

[5] Gov. Code, § 25845, subd. (d) ("If the owner fails to pay the costs of the abatement upon demand by the county, the board of supervisors may order the cost of the abatement to be specially assessed against the parcel. The assessment may be collected at the same time and in the same manner as ordinary county taxes are collected, and shall be subject to the same penalties and the same procedure and sale in case of delinquency as are provided for ordinary county taxes. All laws applicable to the levy, collection, and enforcement of county taxes are applicable to the special assessment").

[6] Gov. Code, § 25845, subd. (e) ("If the board of supervisors specially assesses the cost of the abatement against the parcel, the board also may cause a notice of abatement lien to be recorded").

[7] Gov. Code, § 25845, subd. (e).

[8] Gov. Code, § 25845, subd. (g) (recordation of notice of abatement lien has same effect as recordation of abstract of money judgment, and creates abatement lien that has same priority as judgment lien on real property); see Code Civ. Proc., § 697.340, subds. (a) (except as otherwise specified, judgment lien attaches to all real property interests within the county that are subject to enforcement of a money judgment, with specified exceptions) & (b) (judgment lien attaches to any subsequently acquired interest, within the county, on which judgment lien could be created under subdivision (a)).

[9] This Opinion refers to judgment liens as those created by recording an abstract of a money judgment under Article 2 (commencing with section 697.310) of Chapter 2 of Division 2 of Title 9 of Part 2 of the Code of Civil Procedure.

[10] *Longview Internat., Inc. v. Stirling* (2019) 35 Cal.App.5th 985, 988-989.

A judgment lien expires ten years after the judgment, unless renewed.[11]  We have been asked to determine whether a county's abatement lien created under Government Code section 25845 similarly expires.[12]  As explained below, we conclude that it does not.

## ANALYSIS

To interpret Government Code section 25845, our first task "is to ascertain the intent of the Legislature so as to effectuate the purpose of the law."[13]  To do so, we start with "the words of the statute themselves, giving to the language its usual, ordinary import and according significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose."[14]

Government Code section 25845, subdivision (e) allows a county to record a "notice of abatement lien" for its nuisance abatement costs assessed against a property.[15]  The recording creates an abatement lien, described by subdivision (g) of the statute, as follows:

> Recordation of a notice of abatement lien pursuant to subdivision (e) has the same effect as recordation of an abstract of a money judgment recorded pursuant to Article 2 (commencing with Section 697.310) of Chapter 2 of

---

[11] Code Civ. Proc., §§ 697.310, subd. (b) ("Unless the money judgment is satisfied or the judgment lien is released, subject to Section 683.180 (renewal of judgment), a judgment lien created under this section continues until 10 years from the date of entry of the judgment"), 683.180, subd. (a) (judgment lien is extended for ten years from date of filing application to renew judgment if application is recorded before lien expires).

[12] We have not been asked about, nor do we address, the duration of liens created under other statutes that authorize a county to recover various abatement costs.  (See, e.g., Gov. Code, §§ 38773.2 [recovery of costs to summarily abate graffiti nuisance], 54988 [recovery of costs to abate public nuisance and various violations, including violations of State Housing Law, and California Building Standards Code].)  Despite their somewhat similar subject matter, those other statutes use different language from Government Code section 25845.

[13] *Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1386.

[14] *Id.* at pp. 1386–1387.

[15] Gov. Code, § 25845, subd. (e) ("If the board of supervisors specially assesses the cost of the abatement against the parcel, the board also may cause a notice of abatement lien to be recorded"); see Gov. Code, § 25845, subd. (d) ("If the owner fails to pay the costs of the abatement upon demand by the county, the board of supervisors may order the cost of the abatement to be specially assessed against the parcel").

4

Division 2 of Title 9 of Part 2 of the Code of Civil Procedure. *The lien created* has the same priority as a judgment lien on real property and *continues in effect until released.* Upon order of the board of supervisors, or any county officer authorized by the board of supervisors to act on its behalf, an abatement lien created under this section may be released or subordinated in the same manner as a judgment lien on real property may be released or subordinated.[16]

Subdivision (g)'s statement that "[t]he lien created . . . continues in effect until released" is the only language that directly addresses the duration of the abatement lien.[17] This language unambiguously conveys an intent that the abatement lien lasts until released. As such, it compels our conclusion that the abatement lien does not expire like a judgment lien on real property.[18]

While other language of the statute clearly intends to apply certain aspects of a judgment lien to the abatement lien, that is not the case for expiration. We see nothing that would support a departure from the plain language unequivocally stating that the abatement lien continues until released.[19]

At the outset, subdivision (g) of the statute provides that recording a notice of abatement lien has the "same effect" as a recording that creates a judgment lien on real property.[20] This "same effect" language, standing alone, could conceivably convey an intent that, among other things, the abatement lien is in effect for only as long as a judgment

---

[16] Gov. Code, § 25845, subd. (g), italics added. Again, recording an abstract of a money judgment creates a judgment lien, unless provided otherwise by statute. (See note 9, *ante*.)

[17] Gov. Code, § 25845, subd. (g).

[18] See *Lennane v. Franchise Tax Bd.* (1994) 9 Cal.4th 263, 268 ("If there is no ambiguity in the language of the statute, 'then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs,'" quoting *Kizer v. Hanna* (1989) 48 Cal.3d 1, 8).

[19] See *Williams v. Superior Court* (2001) 92 Cal.App.4th 612, 622 ("Where the statute is clear, courts will not 'interpret away clear language in favor of an ambiguity that does not exist,'" quoting *Lennane v. Franchise Tax Bd.*, *supra*, 9 Cal.4th at p. 268, citations omitted). Additionally, we note that the legislative history sheds no additional light on the intended duration of the lien, nor have we found any cases or treatises on the matter.

[20] Gov. Code, § 25845, subd. (g); see Code Civ. Proc., § 697.310, subd. (a) (recording abstract of money judgment creates judgment lien, unless provided otherwise by statute).

lien.[21]  But the ensuing sentence dispels that view by squarely addressing how long the abatement lien is in effect, stating that it "continues in effect until released."[22]

In any event, it is not clear that the "same effect" of the recordings that create the liens would even cause the abatement lien to expire.  What triggers a judgment lien to expire is the passage of ten years from the underlying court judgment, because the judgment itself expires at that time.[23]  There is no such trigger for an abatement lien, which is not predicated on a court judgment that expires, but on a county's assessment of nuisance abatement costs against a property.  We see nothing providing for the assessment to expire, nor for anything else to make it do so.  This provides further support for our view that a nuisance abatement lien stays in effect until released.

Nothing in the remaining language shows any intent to the contrary.  Subdivision (g) provides that the abatement lien has the "same priority" and "may be released or subordinated in the same manner" as a judgment lien on real property.[24]  This identifies the property interests reached by the lien[25] and how to release the lien or make it secondary to another lien.[26]  But it shows no intent to prescribe an expiration period for the abatement lien.  It is instead consistent with an intent that the abatement lien stays in effect until released.

---

[21] See Code Civ. Proc., § 697.310, subd. (b) (judgment lien expires ten years after date of judgment).

[22] Gov. Code, § 25845, subd. (g).

[23] See Code Civ. Proc., §§ 697.310, subd. (b) (judgment lien expires ten years after date of judgment), 683.020 (judgment becomes unenforceable ten years after its entry, except as otherwise provided by statute).

[24] Gov. Code, § 25845, subd. (g).

[25] See, e.g., Code Civ. Proc., §§ 695.010, subd. (a) ("Except as otherwise provided by law, all property of the judgment debtor is subject to enforcement of a money judgment"), 697.340, subds. (a) (except as otherwise specified, judgment lien attaches to all real property interests within the county that are subject to enforcement of a money judgment, with specified exceptions) & (b) (judgment lien attaches to any subsequently acquired interest, within the county, on which judgment lien could be created under subdivision (a)).

[26] Code Civ. Proc., § 697.370 (setting forth procedure for judgment creditor to release or subordinate judgment lien); see *Connell v. Zaid* (1969) 268 Cal.App.2d 788, 792 ("To subordinate is to lose position—to give up a better for a worse status"); 4 Cal. Real Est. § 10:200 (4th ed.) ("When a subordination occurs, the senior lien that is being subordinated to a subsequent lien is called the 'subordinated lien,' and the junior lien that attains priority over the prior lien is called the 'subordinating lien'").

6

We therefore reject any notion that provisions conferring upon the abatement lien certain traits of a judgment lien are intended to impose the ten-year expiration period of a judgment lien on an abatement lien. As shown above, in addition to being incongruous in application, that conclusion would contravene the statute's plain words that the abatement lien "continues in effect until released."[27]

Finally, we note that the Legislature did not specify a procedure for renewing the abatement lien, as it did for a judgment lien. The renewal procedure for a judgment lien is to first file with the court an application to renew the judgment, and then, before the judgment lien expires, record a copy of that application.[28] That procedure would not neatly apply here: the abatement lien does not stem from a judgment and its recorded abstract, but from a county's assessed abatement costs against a property and recorded notice of the lien.[29]

We observe that the Legislature's decision not to specify a renewal procedure for the abatement lien further reflects an intent that it does not expire like a judgment lien. First, there is no reason to provide a way to renew a lien that is not meant to expire. Second, if instead the Legislature somehow intended that the abatement lien expired, we would expect to see a renewal procedure to preserve the abatement lien despite the passage of time. Without a way to renew, the expiration of the lien would curtail the statutory purpose of enabling county recovery of nuisance abatement costs. The fact that no renewal procedure is provided reinforces our conclusion that the Legislature did not intend for abatement liens created under Government Code section 25845 to expire, as judgment liens do. Instead, this type of abatement lien "continues in effect until released," as the statute expressly provides.

*****

---

[27] Gov. Code, § 25845, subd. (g).

[28] Code Civ. Proc., § 683.180, subd. (a) (judgment lien on real property is extended for ten years from date of filing application to renew judgment if application is recorded before lien expires); see Code Civ. Proc., § 683.150, subd. (a) (clerk shall enter renewal of judgment upon filing of renewal application).

[29] See Gov. Code, § 25845, subds. (e) & (g).

7