AMESCO EXPORTS, INC., dba Amesco, a California corp.; and Nejat Muniso-glu, an individual, plaintiffs,

v.

ASSOCIATED AIRCRAFT MANUFAC-TURING & SALES, INC., a Flori-da corp., Defendant.

No. CV 96–5417 SVW (CTX).

United States District Court, C.D. California.

Aug. 6, 1997.

Robert T. Moore, II, Moore Sorensen & Horner, Beverly Hills, CA, Kevin M. Fillo, Kevin M. Fillo Law Offices, Ventura, CA, Elizabeth Munisoglu, Elizabeth Munisoglu Law Offices, Beverly Hills, CA, for plain-tiffs.

James J. McDonald, Jr., Nancy E. McAllister, Fisher & Phillips, Newport Beach, CA, for defendant.

## ORDER GRANTING MOTION FOR RECONSIDERATION

WILSON, District Judge.

### I. BACKGROUND.

This matter arises from an alleged breach of contract action brought by plaintiffs Amesco Exports and Nejat Munisoglu against Associated Aircraft Manufacturing and Sales, Inc. ("AAMSI"). Plaintiffs originally sought to recover commissions on two alleged contracts, one oral and one written.

Previously, the court granted summary judgment to defendant on the grounds that Amesco lacked capacity to sue because its corporate status was suspended as of January 3, 1995 for the nonpayment of taxes and that Munisoglu did not have standing to sue in his individual capacity because he was acting solely in his capacity as the executive officer of Amesco with regard to the contracts.

Plaintiff Munisoglu states that Amesco's offices at 12400 Wilshire Boulevard, Los Angeles were vacated and closed as of May 1, 1994. After that time, he conducted operations from his home and filed a change of address with the post office to redirect mail to a post office box. A notification of change of address was not sent to the California Department of Corporations until February 27, 1995. No change of address was ever sent to the Franchise Tax Board. He does not remember receiving a notice that Amesco's corporate powers had been suspended.

Plaintiffs argue that new evidence has become available that warrants a reconsideration of case. At the time summary judgment was granted, plaintiffs assert that they had begun the process of reviving Amesco's corporate status, but it was unknown whether those efforts would ultimately succeed. Thus, plaintiffs did not present any evidence on this issue. Plaintiffs assert that Munisoglu did not know of the corporate's suspended status prior to February of 1997 because he did not receive any notice of it. However, the evidence indicates that such notice was sent to him.

As of June 11, 1997, the State of California Franchise Tax Board issued Amesco a conditional revival of corporate status. The revivor is for the sole purpose of conducting litigation against AAMSI. Should plaintiffs prevail, the tax lien shall be paid.

### II. DISCUSSION.

██ Plaintiffs argue the court may relieve them from final judgment under F.R.C.P. 60(b) because there is newly discovered evidence and the motion was brought within a reasonable time. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir.1985) (citing *McConnell v. MEBA Medical & Benefits Plan*, 759 F.2d 1401, 1407 (9th Cir.1985)); *Atwood v. Pacific Maritime Ass'n*, 657 F.2d 1055 (9th Cir. 1981). In evaluating the timeliness of the motion, the factors are (1) the interest in finality of judgements; (2) the reason for the delay; (3) the moving party's ability to have brought the motion at an earlier date; and (4) prejudice to the parties. *Atwood*, 657 F.2d at 1055.

Further, Local Rule 17.16(b), states in pertinent part that a motion for reconsideration may be made on the grounds of "the emergence of new material facts or a change of law occurring after the time of such decision."

██ To prevail on a motion for reconsideration, "a party must set further fact or law of a strongly convincing nature to induce the Court to reverse its prior decision." *Kern–Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal.1986). Moreover, "if a party simply inadvertently failed to raise the arguments earlier, the arguments are deemed waived." *Publishers Resource, Inc. v. Walker–Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir.1985).

The parties do not dispute that in California, the revivor of a corporate's powers, even for a limited purpose as here, validates any procedural step taken on its behalf while it was suspended. *Benton v. County of Napa*, 226 Cal.App.3d 1485, 1489–90, 277 Cal.Rptr. 541 (1991). Litigation activity is considered procedural for purposes of a corporate revivor. *Id.* at 1490, 277 Cal.Rptr. 541. Thus, the effect of the revivor is to retroactively validate the complaint.

Defendant argues that the evidence plaintiffs offer is not "new." In order for evidence to be considered "new" for the purposes of Rule 60(b), it must: (1) be of such character that it would change the outcome of the Court's prior decision; (2) it must have been undiscovered at the time of the Court's prior decision; and (3) it could not have been discovered through the exercise of reasonable diligence by the moving party. F.R.Civ.P. 60(b)(2); *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211–12 (9th Cir. 1987).

Defendant argues that plaintiffs should have brought the issue of a revivor to the Court's attention during the hearing for defendant's motion to dismiss on April 24, 1997. Plaintiff's counsel admits in her declaration that she began her efforts at revivor in early March of 1997. Further, defendant contends that plaintiffs missed two other opportunities to inform the Court of their intent to obtain a revivor: (1) before the Court entered the order granting defendant's motion to dismiss on April 29, 1997, or (2) at least prior to the entry of judgment on May 23, 1997.

Plaintiffs argue that at any time before June 13, 1997, when they received the letter (dated June 11, 1997) advising them of the conditional revivor, that they had no evidence that they would receive a conditional revivor; it would have been merely speculation. It was not until May 19, 1997 that plaintiffs' counsel even knew that such a conditional revivor was a real possibility. (Elizabeth Munisoglu, Decl. ¶ 6). Sometime before that she had been told by a state tax board representative that the review process has taking so long because it was a new statute, there was only one prior instance of granting a temporary revivor and there were no established procedures for processing it. (Elizabeth Munisoglu, Decl. ¶ 5).

Defendant argues that plaintiffs should have informed the Court, not of the fact of revivor, but of their intentions and efforts to obtain revivor. However, the Court agrees with plaintiffs that at any time prior to the June 11th letter, plaintiffs had no evidence to present the Court. Their efforts and intentions are simply not relevant evidence. Thus, before plaintiffs received the actual letter advising them that a revivor would be issued, it was merely speculation and plaintiffs did not err by not informing the Court of their intentions and efforts to obtain the revivor.

Accordingly, plaintiffs motion for reconsideration is granted and the Court's previous order dismissing the case is vacated.

IT IS SO ORDERED.