**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

|  |  |
|---|---|
| **DONVILLE JAMES,** | : |
| **Plaintiff,** | : |
| **v.** | : |
|  | : **Civil Action No. 06-1951 (GK)** |
| **UNITED STATES SECRET SERVICE and** | : |
| **FEDERAL BUREAU OF INVESTIGATION,** | : |
| **DEPARTMENT OF JUSTICE,** | : |
| **Defendants.** | : |

---

## MEMORANDUM OPINION

Plaintiff Donville James, proceeding pro se, brought this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against Defendants United States Secret Service, Department of Homeland Security ("Secret Service") and Federal Bureau of Investigation, Department of Justice ("FBI"). On July 23, 2007, the Court granted Defendants' Motion for Summary Judgment. James v. United States Secret Serv., No. 06-cv-1951, 2007 WL 2111034 (D.D.C. July 23, 2007). This matter is presently before the Court on Plaintiff's Motion for Declaratory Judgment and Injunctive Relief Pursuant to Fed. R. Civ. P. 60(b)(6) [Dkt. No. 16]. Upon consideration of the Motion, Opposition, and Reply, and the entire record herein, Plaintiff's Motion is **denied.**

## I. Background

On November 15, 2006, Plaintiff filed a Complaint in this Court challenging Defendants' disposition of his September 15, 2005 FOIA requests. The Court granted summary judgment for Defendants on the grounds that James failed to exhaust his administrative remedies for the FBI FOIA requests, and that the Secret Service conducted a proper search and justifiably withheld the records requested by James under FOIA's statutory exemptions.

James now moves for relief from the Order granting summary judgment in order to obtain access to the records withheld by the Secret Service under FOIA Exemption 7(A), 5 U.S.C. § 552(b)(7)(A). Specifically, James seeks the contents of a conversation recorded on March 25, 2002 and allegedly maintained in the Secret Service's Chicago Field Office under investigative file number 1544, serial number 201-2002-CE-000442. Mot. at 3-7.

Exemption 7(A) shields from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such records could ... interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A) (2009). The Secret Service invoked Exemption 7(A) for the materials in dispute because they were related to the agency's criminal investigation of James, which remained open until James' conviction and the conclusion of all appeals. James' 1992 conviction was on appeal before the Court of Appeals for the Seventh Circuit throughout the litigation in this

Court. Concluding that James' conviction was therefore not yet final, the Court found on summary judgment that the records were justifiably withheld under Exemption 7(A). James, 2007 WL 2111034, at *4-5.

On June 4, 2007, the Seventh Circuit affirmed James' conviction. United States v. James, 487 F.3d 518 (7th Cir. 2007). In April of 2009, James filed a new FOIA request with the Secret Service for the materials exempted under 7(A). The Department of Homeland Security responded by disclosing materials on August 19, 2009, which James alleges were unresponsive. James timely appealed the agency's response pursuant to 5 U.S.C. § 552(a)(b)(A)(ii), and the agency responded to his appeal by letter dated November 20, 2009. According to its letter, the agency had destroyed the materials requested on November 26, 2007. James contends that the destruction of the recorded conversations was in violation of 18 U.S.C. § 2518(8)(a), which provides that recordings of the contents of any intercepted wire, oral, or electronic communication "shall not be destroyed except upon an order of the issuing or denying judge and in any event shall be kept for ten years."

In light of these changed circumstances, James moves under Fed. R. Civ. P. 60(b)(6) for relief from the July 23, 2007 Order granting summary judgment for Defendants. In addition, James seeks declaratory and injunctive relief under 5 U.S.C. § 552(a)(4)(B) and

an order appointing special counsel to investigate Defendants' alleged violation of 18 U.S.C. § 2518(8)(a).

## II. Standard of Review

Rule 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b) (2009). The Rule establishes six reasons which may justify relief from a final judgment. Rule 60(b)(6), upon which Plaintiff relies, is a catch-all provision providing that a motion for modification may be made for "any other reason that justifies relief." Id.

The Supreme Court has held that only exceptional or extraordinary circumstances can justify relief under this subsection of Rule 60. Ackermann v. United States, 340 U.S. 193, 199-202, 71 S.Ct. 209, 95 L.Ed. 207 (1950). Our Court of Appeals has further stated that the Rule"should be only sparingly used." Twelve John Does v. District of Columbia, 841 F.2d 1133, 1140 (D.C. Cir. 1988) (quoting Good Luck Nursing Home, Inc. v. Harris, 636 F.2d 572, 577 (D.C. Cir. 1980)).

## III. Analysis

Defendants argue that James has failed to plead or prove the extraordinary circumstances required to justify relief under Rule 60(b)(6). Defendants contend that James seeks to improperly challenge the disposition of his April 15, 2009 FOIA request by

reopening his action challenging the disposition of his September 15, 2005 requests, instead of filing a new complaint.

Defendants are correct. Reconsideration under Rule 60(b)(6) is proper "[w]hen a party timely presents a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust." Good Luck Nursing Home, 636 F.2d at 577. Here, however, James fails to present any new facts or arguments showing that the Court's July 23, 2007 judgment upholding Defendants' disposition of his September 15, 2005 FOIA requests was unjust.[1] Instead, he now argues that the agency wrongfully denied his April 15, 2009 FOIA request, which was, of course, not challenged in the original Complaint.

---

[1] The case that Plaintiff principally relies upon to support his argument that the finalization of his conviction is an "extraordinary circumstance" justifying relief is unpersuasive. In Amesco Exports v. Assoc. Aircraft Mfg. & Sales, 87 F.Supp.2d 1013 (C.D. Cal. 1997), the court granted summary judgment to the defendants on a breach of contract claim because the plaintiffs lacked corporate status, and thus lacked capacity to sue. At the time of summary judgment, unbeknownst to the court, plaintiffs were engaged in efforts to revive their corporate status, which were ultimately successful. Plaintiffs moved under Rule 60(b) based upon their revived status, and the court concluded that the "new" evidence justified relief. However, there is one critical distinction between Amesco and the present case: in Amesco, the court's conclusion was based on the undisputed premise that "the effect of the revivor is to retroactively validate the complaint." Id. at 1015. In contrast, the changed circumstances surrounding the finality of James' conviction do not retroactively invalidate the Secret Service's withholding under Exemption 7(A).

The proper vehicle for James' latest challenge is a new complaint. Consequently, the Court concludes that Plaintiff has failed to present the kind of extraordinary circumstances required under Rule 60(b)(6), and his Motion is **denied.**

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Declaratory Judgment and Injunctive Relief Pursuant to Fed. R. Civ. P. 60(b)(6) is **denied.** An Order will accompany this Memorandum Opinion.


July 29, 2010

/s/
Gladys Kessler
United States District Judge


**Copies via ECF to all counsel of record**